**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DUSTI HARVEY, HARVEY LAW FIRM, LLC,
RAYMOND DANIEL SOREY, and
THE SOREY LAW FIRM, PLLC**

      **Plaintiffs,**

v.	No. 12-CV-727 MCA/RHS

**THI OF NEW MEXICO AT
ALBUQUERQUE CARE CENTER, LLC, et al.**

**MEMORANDUM AND OPINION ORDER**

THIS MATTER is before the Court on the Objections of Defendant Fundamental Administrative Services, LLC to the Honorable Robert H. Scott, Magistrate Judge's *Order Granting Dusti Harvey's and Harvey Law Firm, LLC's Motion to Compel Depositions* [Doc. 214]. Plaintiffs Dusti Harvey and the Harvey Law Firm filed a Response to Defendant Fundamental Administrative Services Objections to Order Granting Dusti Harvey and the Harvey Law Firm's Motion to Compel Depositions [Doc. 243], and Defendant Fundamental Administrative Services, LLC (hereafter FAS) filed a Reply [Doc. 260].

On February 13, 2013, Magistrate Judge Scott entered the Order Granting the Motion to Compel Depositions. [Doc. 181] Plaintiffs Dusti Harvey and the Harvey Law Firm earlier filed the Motion to Compel Depositions on January 11, 2013 [Doc. 144]; Defendants Zack

1

and FAS filed a Response in Opposition [1] [Doc. 161]; and Plaintiffs Harvey and the Harvey Law Firm filed a Reply [Doc. 177].

Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court hereby **OVERRULES** Defendant FAS's Objections to Order Granting Dusti Harvey's and Harvey Law Firm, LLC's Motion to Compel Depositions. [Doc. 214]

## PROCEDURAL BACKGROUND AND CONTEXT

This lawsuit pits Attorney Dusti Harvey and the Harvey Law Firm, as the Plaintiffs, against five nursing homes, their parent corporation and other related entities, and in-house counsel (Christine Zack) for one of the entities (Fundamental Administrative Services, hereafter, FAS) as the Defendants. Each side is alleging, among other things, malicious abuse of process by the other based on conduct in previously filed cases. [Doc. 70, ¶¶ 69-74; Doc. 71, ¶¶ 83-88; Doc. 72, ¶¶ 69-74; Doc. 73, ¶¶ 69-74; Doc. 74, ¶¶ 80-85; Doc. 105, ¶¶ 46-51; Doc. 162, ¶¶ 153-157] Defendant Christine Zack filed a *Motion to Dismiss for Lack of Personal Jurisdiction* [Doc. 28] which remains under advisement.

On November 14, 2012 Counsel for Harvey and Harvey Law Firm sent an email to all counsel stating:

> I would like to start the process of setting depositions related to the issue of personal jurisdiction over THIB and Ms. Zack. In that regard, I would like to

---

[1] While the remaining Defendants have not filed objections to Document 181, they filed a Response to the Motion to Compel Depositions [Doc. 160], which has also been considered.

2

> take depositions of Kenneth Tabler, Ms. Zack, and Rule 30b6 depositions of THIB, FAS, and each of the five "facility defendants."  We can agree to limit these depositions to questions related to personal jurisdiction over THIB and Ms. Zack[.] . . . If you can give me an idea of where these witnesses can be deposed and who the Rule 30b6 witnesses might be, that would enable us to start figuring out scheduling.  Please let me know your thoughts.

[Doc. 144 p. 14]

Counsel for Defendants Zack and FAS responded by email on November 20, 2012, by requesting the Harvey Plaintiffs to wait until they received and reviewed responses to written discovery:

> Based on the written discovery responses, and because you will not be entitled to discover information subject to the attorney client privilege, we believe depositions will be both unnecessary and inappropriate.  If you disagree after reviewing our discovery responses, and decide to notice depositions nonetheless, we reserve our right to file motions for protective order.

[Doc. 144 p. 13]

Thereafter, on December 17, 2012, the Harvey Plaintiffs' Counsel sent by email a list of proposed deposition dates and a request for the dates of availability of "30(b)(6) representatives" of the various Defendants and for Ms. Zack. [Doc. 144 pp. 16-17] Counsel for Defendants Zack and FAS responded with various reasons that the proposed dates were "problematic for my client Ms. Zack and I," and by stating "[a]dditionally, we have a concern and objection on moving forward with this discovery until my client's jurisdictional challenges are resolved.  Please withdraw this unreasonable request." [Doc. 144 p. 15]

Plaintiffs Harvey and the Harvey Law Firm then filed their motion to Compel Depositions. [Doc. 144] Defendants Zack and FAS responded by claiming the Harvey

3

Plaintiffs put "the proverbial cart before the horse" by moving to compel depositions before noticing the depositions. [Doc. 161, pp. 1-6] Defendants Zack and FAS also pointed out that the Plaintiffs had not filed a Rule 30(b)(6) notice of deposition indicating the areas of inquiry for any corporate designee, [Doc. 161, pp. 7-8] and argued there was no basis to depose Defendant Zack and Kenneth Tabler. [Doc. 161, pp. 9-15]

Magistrate Judge Scott entered an Order entitled *Order Granting Dusti Harvey's and Harvey Law Firm, LLC's Motion to Compel Depositions*, concluding that the motion was well-taken, and ordering:

> On or before March 8, 2013, counsel for Defendants shall provide counsel for Plaintiffs with three dates each witness scheduled in Plaintiff[s'] motion (Doc. 144) will be available for oral deposition. Within five (5) working days after receipt of the three availability dates, counsel for Plaintiff[s] shall send a Notice of Deposition for each deponent.

[Doc. 181] Clearly, despite its title, Judge Scott's Order did not "compel" any deposition, it only required the dates of availability to be exchanged and Notices of Depositions to be sent. [Id.]

## ANALYSIS

**Standard of Review**

Defendant FAS objects to the Magistrate Judge's Order pursuant to Federal Rule of Civil Procedure 72(a) (allowing objections to a magistrate judge's ruling). Rule 72(a) requires to district judge to "set aside any part of the order that is clearly erroneous or is contrary to law." *Accord* 28 U.S.C. § 636(b)(1)(A).

With regard to legal matters, the Court conducts an independent review and

> determines whether the magistrate judge ruling is contrary to law. *See Sprint Commc'ns Co. v. Vonage Holdings Corp.*, 500 F.Supp.2d 1290 (D.Kan.2007); *see also* 11 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice And Procedure § 3069 (2d ed., 2009 update). Under this standard, the Court conducts a plenary review and may set aside the magistrate judge decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard. *See, e.g., Owner-Operator Indep. Drivers Ass'n, Inc. v. C.R. England, Inc.*, No. 2:02-CV950 TS, 2009 WL 5066679, at *2 (D.Utah Dec.16, 2009); *Jensen v. Solvay Chem., Inc.*, 520 F.Supp.2d 1349, 1350 (D.Wyo.2007); *Dias v. City & County of Denver*, Colo., No. CIVA07CV00722-WDM MJW, 2007 WL 4373229, at *2 (D.Colo. Dec.7, 2007); *McCormick v. City of Lawrence, Kan.*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D.Kan. July 8, 2005). *Cf. Weekoty v. United States*, 30 F.Supp.2d 1343, 1344 (D.N.M.1998) (applying de novo review to magistrate judge legal determination on non-dispositive matter).

*In re Motor Fuel Temperature Sales Practices Litig.*, 707 F.Supp.2d 1145, 1147-48 (D. Kan. 2010). Defendant FAS argues that the Magistrate Judge's Order Compelling Depositions was both clearly erroneous and contrary to law.

**Defendant FAS's Objections based on the Lack of Notices of Depositions**

Defendant FAS repeatedly argues that the Magistrate Judge's Order is contrary to law because Plaintiffs Harvey and the Harvey Law Firm did not notice depositions before filing the Motion to Compel Depositions. [Doc. 214, pp. 4-7] Defendant FAS relies on Federal Rule of Civil Procedure 30(b)(1) ("A party who wants to depose a person . . . must give reasonable written notice"), Local Rule 30.1 (requiring counsel to "confer in good faith regarding scheduling of depositions before service notice of deposition"), and Federal Rule of Civil Procedure 37(d)(1)(A)(i) (stating that the court may *order sanctions* if "a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition").

[Doc. 214, p. 4]

Despite Defendant FAS's reliance on Rule 37(d) (which addresses sanctions), this Court concludes that the Magistrate Judge's decision was correctly decided under Rule 37(a) (which addresses orders to compel).

> **(a) Motion for an Order Compelling Disclosures or Discovery.**
> **(1) *In General.*** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). The Harvey Plaintiffs' Motion to Compel meets all of the requirements of Rule 37(a)(1). Defendants were notified of the motion; the motion contained a certification that the movant in good faith conferred with the party failing to make discovery (in this case, depositions) in an effort to obtain the discovery without court action; and the motion attached evidence of the efforts Plaintiffs' made to set the depositions and Defendants' objections to setting the depositions. [Doc. 144]

Defendant FAS ignores the fact that, in response to requests from Plaintiffs' Counsel for cooperation in setting a date for the depositions of Ms. Zack, Mr. Tabler and corporate designees pursuant to Rule 30(b)(6), Counsel for Defendants FAS and Zack repeatedly objected to setting dates. Having stated a blanket objection to the depositions, and having asked the Harvey Plaintiffs to withdraw their request for the deposition of Ms. Zack and other individuals, Defendant FAS should not now benefit by arguing that the Motion to Compel was premature. There existed a discovery dispute which was ripe for the Magistrate

6

Judge to decide under Rule 37(a), and requiring the notices of depositions would do nothing but further delay this matter.

The Court is not persuaded by the non-controlling cases cited by Defendants. *See, e.g.,Pegoraro v. Marrero*, 281 F.R.D. 122, 128 (S.D.N.Y. 2012) ("Absent evidence that the witnesses at issue were given reasonable written notices stating the time and place of their depositions, as required by Rule 30(b)(1), or that they failed to comply with subpoenas compelling their attendance, pursuant to Rule 45, the Court has no authority to compel witnesses, including the parties, to attend any depositions"); *Firestone v. Hawker Beechcraft Int'l Serv. Co.*, 2012 WL 359877, *4 (D. Kan. Feb. 2, 2012) (denying motion to compel as untimely and stating in dicta that "authority . . . suggests that the Court is within its discretion to deny a motion to compel a deposition that was not formally noticed under Fed. R. Civ. P. 30(b)(1)"); *Home Design Servs., Inc. v. Collard Props., LLC*, 2012 WL 1801946, *2 (D. Colo. May 17, 2012) (denying motion to compel deposition "as premature insofar as it seeks an order concerning the depositions of the . . . defendants because no notices of deposition ever were served.") Here, though Plaintiffs complied with Local Rule 30.1 by conferring in good faith to set dates for a deposition, Defendants refused to provide any dates, and instead lodged a blanket objection to the deposition and requested the Plaintiffs to "withdraw this unreasonable request." [Doc. 144, p. 15] Under these circumstances, there was nothing premature about the Court's action in ordering Defendants to provide deposition dates. [Doc. 181]

Further, Defendant FAS unreasonably inserts a requirement into Rule 37(a) by

7

arguing that "a motion to compel cannot be filed (and certainly should not be granted) unless 'a party . . . fails, *after being served with proper notice*, to appear for that person's deposition.' Fed. R. Civ. P. 37(d)(1)(A)(i) (emphasis added)." [Doc. 214 p.4] Nothing in the Rules, including Rule 30 and particularly Rule 37(a), indicates a notice of deposition must be served prior to filing a motion to compel.  This Court has concluded that the motion to compel was allowed under 37(a), and thus, the notice requirement of Rule 37(d)(1)(A)(i), which is only relevant to sanctions, is immaterial.  This is particularly so given Defendants' statement that they objected to setting the depositions and Defendants' request that Plaintiffs withdraw the request to set Ms. Zack's deposition.  Requiring the formality of a notice of deposition under the circumstances here would be a waste of time, as well as would be detrimental to the parties' ability to meet their deadlines established be the Court in this case.  Because the Rules of Civil Procedure did not preclude the Magistrate Judge from electing to proceed in the manner reflected in his Order, this Court concludes that Judge Scott's decision was neither clearly erroneous nor contrary to law.

With specific regard to the lack of a notice of deposition for Rule 30(b)(6) experts, Defendant FAS objects, arguing:  "The magistrate judge may not order a Rule 30(b)(6) deposition to proceed before the issuance of a deposition notice delineating topics for which the organization must provide a knowledgeable witness to testify on its behalf" and arguing it was error for the Court to Order Defendants to "determine a deposition date prior to issuance of a notice specifying the areas for inquiry."  [Doc. 214, p. 8] The Court notes, however, that Defendant FAS's correspondence to Plaintiffs objecting to the depositions does

not alert Plaintiffs that Defendant FAS could not determine the specific areas of concern the plaintiffs were seeking discovery about through deposition.[2] Defendant FAS appears to have been attempting to limit the Harvey Plaintiffs to the constraints imposed by Rule 30(b) (requiring written notice of a deposition) based on their compliance with Local Rule 30.1 (requiring the parties to meet and confer on dates for a deposition before setting a deposition).  What the Magistrate Judge did, however,  was to alleviate any confusion as to whether notices would be sent first or dates would be set first.  The Court concludes that the Order by the Magistrate Judge requiring Defendants to provide dates for a deposition was reasonable and not contrary to law.

**Additional Objection to Deposition of Christine Zack**

Defendant argues that "the Court should not permit jurisdictional discovery while a motion to dismiss on that basis is pending unless the plaintiff can first show that the discovery sought has the potential to effect resolution of the motion." [Doc. 214, p. 10].  This Court disagrees.

On September 9, 2012, Judge Scott entered an order stating "Any party seeking to limit the scope of discovery (i.e. to issues of personal jurisdiction) or to stay the proceedings shall file an appropriate motion." [Doc. 21, ¶ 2] Defendant Zack filed her Motion to Dismiss

---

[2] Nor did the email correspondence of the THI Defendants, though one email listed five reasons objecting to various depositions [Doc. 144 p. 16], and another email listed four reasons objecting to the various depositions [Doc. 144, p. 22].  Moreover, the THI Defendants have not objected to the Court's Order Compelling Depositions, and Defendant FAS may only object to the deposition of its own Rule 30(b)(6) designee(s).

for Lack of Personal Jurisdiction on September 18, 2012.  Defendant Zack has never filed a motion to stay discovery, whether related to personal jurisdiction or the merits. [Doc. 28] Defendant FAS's argument that the Magistrate Judge erred in not deciding an issue Ms. Zack has chosen not to put in issue is without merit.

**Additional Objection to Deposition of Ken Tabler**

Defendant argues that the Magistrate Judge erred in ordering the deposition of Ken Tabler because Plaintiffs voluntarily dismissed their claims against THI of Baltimore, and Mr. Tabler had tendered a declaration in support of THI of Baltimore's motion to dismiss for lack of personal jurisdiction. [Doc. 214, p. 9]  Defendant has not argued now, nor before the Magistrate Court, that Mr. Tabler has no discoverable knowledge under the standards set forth in Federal Rule of Civil Procedure 26(b)(1).  Without raising such an argument, this Court concludes that the Magistrate Judge did not err in not addressing the argument. Defendant's Rule 11 arguments [Doc. 214, pp. 9-10] are likewise unpersuasive because they were not raised before the Magistrate Court.

**Request for Remand for Further Consideration**

Defendant FAS complains that the "Order speaks only in general terms, and makes no specific findings as to Defendants' objections to the proposed depositions." [Doc. 214 p. 12] This Court finds no ambiguity in the Magistrate Judge's Order, and thus denies Defendant FAS's request for remand for further consideration.

Much of Defendant FAS' Reply appears to be an argument that nothing in the Magistrate Judge's Order preempted it from filing objections to depositions after notices of

depositions were issued.[3] [Doc. 260, pp. 1-3, 7] To the extent Defendant FAS needs clarification, this Court concludes that the Magistrate's Judge's Order means what it says: Defendants were ordered to provide dates for depositions, and, upon receipt of those dates, Plaintiffs were ordered to notice the depositions. [Doc. 181] Nothing in the Order precludes Defendants from filing non-frivolous objections.

**Additional Observations**

The Objections before the Court are brought by Defendant FAS only, and not by the THI Defendants. Nonetheless, the Court finds it noteworthy that in the THI Defendants' Response to Dusti Harvey and Harvey Law Firm, LLC's Motion to Compel Depositions [Doc. 160], the THI Defendants proposed, as one of several alternatives, of "to the extent that the Court entertains the Motion at all, it should merely rule that the parties should work together to schedule all of the necessary depositions in this case." [Doc. 160, p. 2 (footnote omitted)] As the Court reads the Judge Scott's Order, the Court granted the relief requested by the THI Defendants. Judge Scott's Order requiring the parties to exchange dates was neither clearly erroneous nor contrary to law.

Further, it appears particularly important in this case to remind all counsel and parties

---

[3] For example, Defendant argues: "The only issue before Judge Scott related to scheduling depositions. As no depositions had been noticed, he could not have preempted any motions or issues related to deposition notices issued *after* his order. The order therefore must be read in a limited manner to require only that the parties cooperate with regard to deposition scheduling (which has since occurred). The order cannot be an attempt to avoid future motion practice based on non-existent deposition notices." [Doc. 260, p. 7]

11

that "[l]awyers appearing in this District must comply with the section for lawyers of "A Creed of Professionalism of the New Mexico Bench and Bar." *See* D.N.M.LR-Civ. 83.9. I have attached the Lawyer's Preamble which I direct the parties to read and their counsel to reread. I direct counsel and the parties to pay particular attention to Paragraph C, concerning professionalism toward opposing parties and their counsel and Paragraph D, concerning professionalism toward the courts.

**WHEREFORE,** Defendant FAS LLC's Objections [Doc. 214] is hereby **OVERRULED** and the Magistrate Judge's Order Granting Dusti Harvey's and Harvey Law Firm, LLC's Motion to Compel Depositions [Doc. 181] is **AFFIRMED** in all respects.

**IT IS ORDERED** that the parties comply with the Magistrate Judge's Order Granting Dusti Harvey's and Harvey Law Firm, LLC's Motion to Compel Depositions [Doc. 181].

**IT IS FURTHER ORDERED** that the parties meet and confer with Magistrate Judge Scott and that a new deadline for Ms. Zack's deposition be established.

**SO ORDERED** this 9th day of July, 2013.

_____
THE HONORABLE M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE

Lawyer's Preamble

As a lawyer, I will strive to make our system of justice work fairly and efficiently. In order to carry out that responsibility, I will comply with the letter and spirit of the disciplinary standards applicable to all lawyers, and I will also conduct myself in accordance with the following Creed of Professionalism when dealing with my client, opposing parties, their counsel, the courts, and any other person involved in the legal system, including the general public.

A.   In all matters: "My Word is My Bond."

B.   With respect to my clients:

   • I will be loyal and committed to my client's cause, and I will provide my client with objective and independent advice;
   • I will work to achieve lawful objectives in all other matters, as expeditiously and economically as possible;
   • In appropriate cases, I will counsel my client regarding options for mediation, arbitration and other alternative methods of resolving disputes;
   • I will advise my client against pursuing matters that have no merit;
   • I will advise my client against tactics that will delay resolution or which harass or drain the financial resources of the opposing party;
   • I will advise my client that civility and courtesy are not weaknesses;
   • I will counsel my client that initiating or engaging in settlement discussions is consistent with zealous and effective representation;
   • I will keep my client informed about the progress of the work for which I have been engaged or retained, including the costs and fees;
   • I will charge only a reasonable attorney's fee for services rendered;
   • I will be courteous to and considerate of my client at all times.

C.   With respect to opposing parties and their counsel:

   • I will be courteous and civil, both in oral and in written communications;
   • I will not make improper statements of fact or of law;
   • I will agree to reasonable requests for extensions of time or waivers of formalities when legitimate interests of my client will not be adversely affected;
   • I will consult with opposing counsel before scheduling depositions and meetings or before rescheduling hearings;
   • I will cooperate with opposing counsel's requests for scheduling changes;
   • I will not use litigation, delay tactics, or other courses of conduct to harass the opposing party or their counsel;
   • I will refrain from excessive and abusive discovery, and I will comply with reasonable discovery requests;
   • In depositions, negotiations and other proceedings, I will conduct myself with dignity, avoiding groundless objections and other actions that are disrupting and disrespectful;
   • I will not serve motions and pleadings that will unfairly limit the other party's opportunity to

respond;
  • In the preparation of documents and in negotiations, I will concentrate on substance and content;
  • I will clearly identify, for other counsel or parties, all changes that I have made in all documents.

D. With respect to the courts and other tribunals:

  • I will be a vigorous and zealous advocate on behalf of my client, but I will remember that excessive zeal may be detrimental to my client's interests or the proper functioning of our justice system;
  • I will communicate with opposing counsel in an effort to avoid litigation or to resolve litigation;
  • I will voluntarily withdraw claims or defenses when they are superfluous or do not have merit;
  • I will refrain from filing frivolous motions;
  • I will voluntarily exchange information and work on a plan for discovery as early as possible;
  • I will attempt to resolve, by agreement, my objections to matters contained in my opponent's pleadings and discovery requests;
  • When hearings or depositions are cancelled, I will notify opposing counsel, necessary parties, and the court (or other tribunal) as early as possible;
  • Before dates for hearings or trials are set, or immediately after dates have been set, I will verify the availability of participants and witnesses, and I will also notify the court (or other tribunal) and opposing counsel of any problems;
  • In civil matters, I will stipulate to facts when there is no genuine dispute;
  • I will be punctual for court hearings, conferences and depositions;
  • I will be respectful toward and candid with the court;
  • I will avoid the appearance of impropriety at all times.

E. With respect to the public and to other persons involved in the legal system:

  • I will be mindful of my commitment to the public good;
  • I will keep current in my practice areas, and, when necessary, will associate with or refer my client to other more knowledgeable or experienced counsel;
  • I will willingly participate in the disciplinary process;
  • I will strive to set a high standard of professional conduct for others to follow;
  • I will respect and protect the image of the legal profession, and will be respectful of the content of my advertisements or other public communications;
  • I will commit to the goals of the legal profession, and to my responsibilities to public service, improvement of administration of justice, civic influence, and my contribution of voluntary and uncompensated time for those persons who cannot afford adequate legal assistance.