IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DUSTI HARVEY, HARVEY LAW FIRM, LLC,**

      Plaintiffs,

v.                                                                                  12cv727 MCA/RHS

**THI OF NEW MEXICO AT ALBUQUERQUE
CARE CENTER, LLC, et al.,**

      Defendants.

## ORDER REQUIRING PARTIES TO PERSONALLY
## MEET AND CONFER REGARDING DISCOVERY DISPUTES

      THESE MATTERS come before the Court on fourteen (14) pending discovery motions. After reviewing each of the fourteen motions, the responses and the replies filed to date, the Court has concluded that all fourteen pending motions will be DENIED without prejudice, and counsel must personally meet and confer regarding their voluminous discovery disputes.  If counsel are unable to resolve the discovery disputes after conferring face-to-face in good faith, the Court will consider extending the deadline to file motions to compel and protective orders.

      All counsel who have signed a motion listed below regarding discovery must personally appear in the Rio Grande Courtroom, Third Floor, United States District Courthouse, 333 Lomas Boulevard NW, Albuquerque, New Mexico at 9:00 a.m. on Tuesday, September 17, 2013.  A sign-in and sign-out sheet will be provided to record attendance.  The Rio Grande Courtroom is reserved from 9:00 a.m. to 5 p.m. so that the parties may negotiate in good faith concerning each and every discovery dispute that has been brought to the Court in their fourteen discovery motions.  The undersigned will visit with counsel at 3 p.m. so that counsel may report on progress being made.  Telephonic appearances will not be authorized.  Counsel are requested to speak to each other prior to September 17, 2013 to discuss how to best use their time on that day.

If any future motions regarding discovery disputes are filed, the Court will require strict compliance with Fed. R. Civ. P. 37(a)(1), which states that discovery motions "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The Court will require that the certification be the first exhibit to any future discovery dispute motion. Counsel must specifically certify that (1) the movant has sent written correspondence to resolve the dispute, the written correspondence explained the alleged deficiencies and desired supplementation specific to each enumerated discovery request, and the movant filed that correspondence with the motion, and (2) the movant has conducted a telephonic or in-person meeting with opposing counsel after sending the written correspondence and before filing the motion.

THEREFORE, the following discovery dispute motions are DENIED without prejudice:

1. THI of New Mexico at Valle Norte's Motion to Compel Appropriate Answers to Written Discovery Propounded to Dusti Harvey and Harvey Law Firm, LLC (Doc. 320),

2. THI of New Mexico at Vida Encantada's Motion to Compel Appropriate Answers to Written Discovery Propounded to Dusti Harvey and Harvey Law Firm, LLC (Doc. 321),

3. THI of New Mexico at Albuquerque Care Center's Motion to Compel Appropriate Answers to Written Discovery Propounded to Dusti Harvey and Harvey Law Firm, LLC (Doc. 322),

4. THI of New Mexico at Casa Maria's Motion to Compel Appropriate Answers to Written Discovery Propounded to Dusti Harvey and Harvey Law Firm, LLC (Doc. 323),

5. THI of New Mexico at Las Cruces' Motion to Compel Appropriate Answers to Written Discovery Propounded to Dusti Harvey and Harvey Law Firm, LLC (Doc. 324),

6. THI of New Mexico's Motion's to Compel Appropriate Answers to Written Discovery Propounded to Dusti Harvey and Harvey Law Firm, LLC (Doc. 325),

7. Fundamental Administrative Services's Motion to Compel Answers and Responses to Discovery Served Upon Dusti Harvey and the Harvey Law Firm, LLC (Doc. 330),

8. Plaintiffs' Dusti Harvey and the Harvey Law Firm's Motion for Protective Order Regarding Discovery In To Fee Arrangements Or Agreements, Referral Agreements, Compensation or Monies Received by HLF Related to Legal Representation of Their Clients (Doc. 335),

9. Dusti Harvey and the Harvey Law Firm LLC's Motion Pursuant to Rule 045(d)(2)(B) and Motion for Protective Order (Doc. 343),

10. Dusti Harvey and Harvey Law Firm LLC's Motion to Quash, In Part, Notice of Deposition and Subpoena Dueces Tecum to Kim Udall (Doc. 345),

11. Dusti Harvey and Harvey Law Firm, LLC's Motion for Protective Order Related to Questions Asked at the Deposition of Dusti Harvey (Doc. 370),

12. Dusti Harvey and Harvey Law Firm, LLC's Amendment to Motion for Protective Order Related to Question Asked at the Deposition of Dusti Harvey (Doc. 380),

13. Plaintiff Dusti Harvey and the Harvey Law Firm LLC's Motion to Compel Additional Information Related to THI Defendants' Redacted Invoices (Doc. 417), and

14. Defendants' Motion to Compel Discovery and For Adverse Inference Jury Instruction and for Sanctions (Doc. 483).

Defendants' Motions to Compel are DENIED without prejudice to re-file should the in-person meet and confer session not resolve the discovery disputes in their entirety.

*Robert Hayes Scott*
**THE HON. ROBERT HAYES SCOTT**
**UNITED STATES MAGISTRATE JUDGE**