**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DUSTI HARVEY, HARVEY LAW FIRM,
LLC, RAYMOND DANIEL SOREY, AND
THE SOREY LAW FIRM, PLCC,

                Plaintiffs,

v.                                              No. 1:12-CV-00727-MCA-RHS

THI OF NEW MEXICO AT ALBUQUERQUE
CARE CENTER, LLC, THI OF
NEW MEXICO AT VALLE NORTE, LLC
d/b/a Valle Norte Care Center, THI OF
NEW MEXICO AT VIDA ENCANTADA, LLC,
d/b/a Vida Encantada Nursing and Rehab,
THI OF NEW MEXICO AT CASA MARIA, LLC,
THI OF NEW MEXICO AT LAS CRUCES,
LLC, THI OF NEW MEXICO, LLC,
FUNDAMENTAL ADMINISTRATIVE SERVICES,
LLC and CHRISTINE A. ZACK, a/k/a CHRISTINE
A . ZACK GUNDERSON,

                Defendants.

**MEMORANDUM AND OPINION ORDER**

THIS MATTER is before the Court on Defendant Christine Zack's Motion to Dismiss for Lack of Personal Jurisdiction. [Doc. 28] Plaintiffs Harvey and the Harvey Law Firm have responded [Doc. 44] and Defendant Zack has replied.[1] [Doc. 106] The Court, having

---

[1] Additionally, the Harvey Plaintiffs filed a Notice of Filing of Additional Exhibits in Support of Plaintiffs Dusti Harvey's and Harvey Law Firm, LLC's Response in Opposition to Defendant Christine Zack's Motion to Dismiss [Doc. 44]. [Doc. 135] Specifically, the Harvey Plaintiffs attach another affidavit by Dusti Harvey with facts not previously averred, and an opinion from a Pennsylvania Court of Common Pleas, dated April 2012.  This Notice does not comply with D.N.M.LR-Civ. 7.8, which allows a "Notice of Supplemental Authorities" setting forth the citations if either controlling

considered the relevant submissions, the relevant law, and otherwise being fully advised in the premises, hereby denies Defendant Zack's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 28].

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that in December of 2011 each of the limited liability nursing home facilities (Defendant Facilities) filed suit against Plaintiffs, in five different New Mexico state district courts, for allegedly breaching the confidentiality provisions in various settlement agreements between the Defendant Facilities and Plaintiffs' clients. [Second Amended and Interlineated Complaint (SAIC), Doc. 162, pp. 26-32]  In response, Plaintiffs filed suit in the Second Judicial District of New Mexico against nine defendants: the five Defendant Facilities; THI of New Mexico, LLC (THINM), which is the sole member of each of the Defendant Facilities [Doc. 1, ¶ 10]; THI of Baltimore, Inc. (THIB), which is the sole member of THINM [Doc. 1, ¶ 11]; Fundamental Administrative Services, LLC (FAS), which is not a member of Defendant THINM or THIB [see Doc. 1, ¶ 12]; and Defendant Christine Zack, the Senior Vice President, Chief Risk Officer and in-house lawyer for Defendant FAS.

---

authority or "pertinent and significant authorities come to a party's attention after the party's brief has been filed." D.N.M.LR-Civ. 7.8(a) and (b).  The Court does not find the decision of the Pennsylvania Court of Common Pleas pertinent or significant and thus will not consider it.  Further, the Court will not consider the Affidavit filed within Document 135, as all facts stated in the affidavit were known to the Harvey Plaintiffs at the time their Response to Doc. 28 was filed and because neither the Federal Rules of Civil Procedure nor the Local Rules allow the filing of an additional affidavit under these circumstances.  Likewise, Defendant Zack has filed a *Notice of Supplemental Authority* [Doc. 499].  The Court finds the decision of Middle District of Florida distinguishable, and thus neither persuasive nor pertinent.

[Doc. 29-1 ¶ 3]. [Doc. 1-1] Plaintiffs have since dismissed their claims against Defendant THIB [Doc. 143]; and the Sorey Plaintiffs and all Defendants have dismissed all claims they had against each other. [Doc. 407]

The remaining Plaintiffs (hereafter, Plaintiffs) bring claims of prima facie tort, defamation, and civil conspiracy, and request declaratory relief under New Mexico law stating that they have not breached the confidentiality agreements or breached any other duty. [Id. pp. 26-31] As to the conspiracy claim, Plaintiffs assert that the Defendant Facilities and Defendants THINM, THIB, FAS and Zack conspired together to commit the torts of malicious abuse of process, prima facie tort and defamation. [SAIC, Doc. 162, ¶¶ 15, 175-176].

Plaintiffs allege that Defendant Zack is "employed as Vice President, Chief Risk Officer, Risk Management Department by Defendant FAS, and has, in that position, controlled, authorized, directed, ratified and participated personally in the actions of THI of New Mexico, LLC; the Defendant Facilities; THIB; and FAS which give rise to this Complaint." [SAIC, Doc. 162, ¶ 14] Plaintiffs further allege that "THI, through its agent, Christine Zack, misused the judicial process and committed extortion when she offered to dismiss the Valle Norte Lawsuit voluntarily if HLF would agree to settle all cases being pursued by HLF on behalf of clients against THI and THI nursing homes[.]" [SAIC, Doc. 162, ¶ 162]

The parties have submitted affidavits regarding this Court's jurisdiction over Ms. Zack. Plaintiff Harvey avers that "[o]n behalf of the THI entities, Lori Proctor and Christine

Zack offered to pay me a regular stipend if HLF would agree to cease asserting claims and bringing lawsuits on behalf of our clients against THI nursing homes, including the Defendant Facilities[;]" "Lori Proctor and Christine Zack offered to hire me to perform legal services on behalf of THI affiliates, if HLF would agree to cease asserting claims and bringing lawsuits on behalf of our clients against THI nursing homes, including the Defendant Facilities;" "Christine Zack offered to Dismiss the Valle Norte Lawsuit voluntarily if HLF would agree to settle all cases being pursued by HLF on behalf of all clients against THI nursing homes and affiliates, including the Defendant Facilities;" and "Christine Zack has personally participated in the suits filed by HLF against THI nursing homes and affiliates by attending mediations, being deposed, and attending trials." [Doc. 44 pp. 27-28]

    Defendant Zack filed a Motion to Dismiss for Lack of Personal Jurisdiction, arguing, among other things, that she has never maintained a residence or place of business in New Mexico; that she was not involved in the Valle Norte Lawsuit, that she did not control, authorize, direct, ratify or otherwise participate in that action; that she did not authorize the filing of the Breach of Contract Actions; and that "[a]ny and all of my interactions with Plaintiffs in this case are solely as a result of, and in my scope and capacity as, my status as [*sic*] an employee of FAS." [Doc. 29-1, ¶¶ 10, 15, 18]. Defendant Zack argues both that she has insufficient minimum contacts with New Mexico to meet the due process requirements of personal jurisdiction and that asserting personal jurisdiction over her would be unreasonable because any actions she took were as an employee and agent of FAS. [Doc.

29] She further avers: "I was not involved in the Valle Norte Lawsuit, and did not control, authorize, direct, ratify or otherwise participate in that action. I never offered employment to Plaintiff HLF, 'misuse the judicial process,' 'extort' anything from Plaintiff HLF, or 'conspire' with any other Defendant, entity, or person to cause harm to Plaintiffs. Nor did I authorize the filing of the Breach of Contract Actions." [Doc. 29-1 ¶ 18]

As explained below, despite Defendant Zack's denial of the allegations, given the dueling affidavits in this case, the Court must resolve the factual dispute in Plaintiffs' favor solely for purposes of resolving this motion. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) ("[A]ny factual disputes in the parties' affidavits must be resolved in plaintiffs' favor.").

## ANALYSIS

*Personal Jurisdiction*

"[T]he plaintiff has the burden of proving jurisdiction exists." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). "When the evidence presented on the motion to dismiss consists of affidavits and other written materials the plaintiff need only make a prima facie showing." *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004); *Benton v. Cameco Corp.,* 375 F.3d 1070, 1074 (10th Cir. 2004) (stating that when reviewing a "motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need make only a prima facie showing of personal jurisdiction to defeat the motion." (Internal quotation marks and citation omitted)). The Court resolves "all factual disputes in favor of the plaintiff in determining

whether plaintiff has made a prima facie showing." *Benton*, 375 F.3d at 1074; *accord Dudnikov*, 514 F.3d at 1070.

"When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion. The trial court, however, is vested with broad discretion and should not be reversed unless discretion is abused." *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975). "[A] refusal to grant [jurisdictional] discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant[.] Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (internal quotation marks, citations, and ellipsis omitted); *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 Fed.Appx. 586, 589 (10th Cir. 2006) (unpublished decision) (determining that the district court abused its discretion where it failed to allow discovery related to personal jurisdiction).

In the absence of a federal statute authorizing service of process anywhere within the United States, federal courts apply the law of the forum state to determine whether personal jurisdiction exists. *Dudnikov*, 514 F.3d at 1070. The State of New Mexico's "long arm" statute, N.M.S.A. 1978, § 38-1-16 (1959), "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v. Roman Catholic Diocese of Norwich, Conn.*, 2002-NMSC-018, ¶ 6, 132 N.M. 312, 48 P.3d 50. Accordingly, the question raised by the motion to dismiss for lack of personal jurisdiction is whether a New Mexico

court's exercise of personal jurisdiction over Defendant Zack is consistent with the constitutional requirements of Due Process. *See id.* ¶ 7.  A court's exercise of personal jurisdiction over a nonresident defendant is proper only "if minimum contacts exist between the defendant and the forum state such that maintenance of the lawsuit would not offend 'traditional notions of fair play and substantial justice.'" *Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980)).

The minimum contacts required to establish personal jurisdiction may be classified as general or specific.  A court may exercise general personal jurisdiction if the defendant's contacts with the forum state are "continuous and systematic," for example, when a defendant routinely solicits business in the forum state or holds itself out as doing business in the forum state through a local office, agents, and advertisements.  *Doering*, 259 F.3d at 1210.  Alternatively, "a court may exercise specific jurisdiction over a defendant if it purposefully directs activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities."  *Id.*; *accord Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Specific jurisdiction has two requirements.  *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).  First, a plaintiff must show that "the defendant purposefully directed its activities at residents of the forum," *Id.*, such that the defendant "should reasonably anticipate being haled into court there."  *World-Wide Volkswagen Corp.*, 444 U.S. at 297.  The Court's focus is on whether the transaction at issue

amounts to a purposeful decision by Defendants "to avail themselves of the benefits and protections of New Mexico law." *FDIC v. Hiatt*, 117 N.M. 461, 464, 872 P.2d 879, 882 (1994). "In tort-based lawsuits such as this one, 'purposeful direction' has three elements: '(a) an intentional action . . . that was (b) expressly aimed at the forum state . . . with (c) knowledge that the brunt of the injury would be felt in the forum state[.]'" *Newsome v. Gallacher*, No. 12-5068, 2013 WL 3722234, at *4 (10th Cir. July 17, 2013). Second, to meet the requirements of specific jurisdiction, the forum state's exercise of personal jurisdiction over the defendant must be fair and reasonable "in light of the circumstances surrounding the case." *OMI Holdings, Inc.*, 149 F.3d at 1091. This inquiry entails consideration of several factors, including "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Burger King Corp.*, 471 U.S. at 467-77 (internal quotation marks and citation omitted).

Though none of the parties cite *Rusakiewicz v. Lowe*, 556 F.3d 1095 (10th Cir. 2009), it controls the outcome of this motion. In *Rusakiewicz*, Lowe (one of the defendants) was an officer of the California Department of the Veterans of Foreign Wars (VFW). *Id.* at 1098. Rusakiewicz and Spera (the plaintiffs) distributed fliers at the VFW convention, in Utah, accusing Lowe and other officers of the California VFW of fraud. *Id.* Lowe then consulted with other officers of the California VFW, and, with their support, filed suit for defamation in Utah. *Id.* at 1099. While not named as plaintiffs in the defamation suit, the other

California based officers with whom Lowe consulted approved filing the suit and agreed to use the California VFW's funds to pay the legal expenses for the Utah lawsuit. *Id.* However, Lowe eventually voluntarily dismissed the suit with prejudice. *Id.*

Subsequently, Rusakiewicz and Spera filed suit in Utah, alleging malicious abuse of process in the filing of the defamation lawsuit, naming as Defendants Lowe and the California VFW officers with whom he consulted. *Id.* As to the other officers, the plaintiffs alleged that the officers authorized, approved, ratified and/or instituted the wrongful underlying defamation lawsuit. *Id.* Both Lowe and the other officers successfully contested personal jurisdiction in the district court, but the Tenth Circuit reversed, rejecting the arguments of all of the defendants. *Id.* at 1099, 1102-03. As to Lowe, the Court held that he was subject to personal jurisdiction because "[i]t is well established that the act of filing a lawsuit in a particular state is sufficient to establish jurisdiction over the plaintiff in the courts of that state in a subsequent action for abuse of process or similar torts." *Id.* (citing *Neuralstem, Inc. v. StemCells, Inc.*, 573 F.Supp.2d 888, 897-98 (D.Md. 2008) (collecting cases)). As to the other officers, the Court held that the Utah courts had personal jurisdiction,[2] because "courts have found the act of authorizing and directing a lawsuit to be enough to establish jurisdiction over officers of a corporation." *Rusakiewicz*, 556 F.3d at 1101. The Court recognized that Rusakiewicz and Spera were not bringing suit against the

---

[2]The Utah long arm statute, like New Mexico's long arm statute, extends Utah's exercise of personal jurisdiction as far as the reaches of due process. *Rusakiewicz*, 556 F.3d at 1100.

organization but the officers of the organization, yet nonetheless held that "those who support and authorize funding of intentional tortious conduct must be subject to personal jurisdiction in the state where the tort took place and where they committed the acts that supported the tort." *Id.* The Court reasoned that if the officers "regarded Utah as a suitable forum for *their* suit, it cannot be unfair for them to be sued in the same forum on the basis of that original suit." *Id.* at 1102.

The facts of this case fall within the holding of *Rusakiewicz*. Here, the allegations are that Defendant Zack personally supported the filing of the lawsuits which forms the basis of the alleged tort of malicious abuse of process. *Id.*[SAIC Doc. 162, ¶¶ 12, 14, 15, 154] Thus, because Defendant Zack regarded New Mexico as a suitable forum for the underlying lawsuits, it is not unfair for her to be sued in New Mexico. *Id.*

Further, the elements set out in *Newsome* are easily met: taking as true the allegations in the Complaint, Defendant Zack's actions were intentional. *Newsome*, 2013 WL 3722234 at *4. Defendant Zack's actions were purposefully directed at New Mexico in that the lawsuits were filed in New Mexico, thus Defendant Zack intended to avail herself (or her clients) of the benefits and protections of New Mexico law; the opposing parties (now Plaintiffs) were New Mexico residents; and Defendant Zack would have knowledge that the injury from the allegedly tortious lawsuits would occur in New Mexico. *Id.* For the same reasons, the requirement that the alleged harm arise out of the forum related activities is also met: the alleged damages arise from the conduct directed at New Mexico, i.e., the filing of the allegedly tortious lawsuits in New Mexico. *Id.* at *9.

Moreover, the filing of the lawsuits is not the only basis alleged which supports finding personal jurisdiction over Defendant Zack. Plaintiff Harvey has claimed that during the pendency of the Valle Norte lawsuit (in New Mexico) Defendant Zack offered to dismiss the suit if the Harvey Law Firm would dismiss the suits it was pursuing on behalf of its clients. [Doc. 44, p. 28, ¶ 10] Defendant Zack thus allegedly directed the harm from such conduct at New Mexico residents and the legal process in New Mexico. The same can be said of Defendant Zack's alleged offers of employment or payment of a stipend to Plaintiff Harvey if the Harvey Law Firm would settle its suits (likewise pending in New Mexico) against THI facilities and entities. [Doc. 44, p. 27, ¶¶ 4-5] In sum, the first element of specific jurisdiction is met: "[the due process] fair warning requirement is satisfied [because Defendant Zack] has purposefully directed [her] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp.*, 471 U.S. at 472 (internal quotation marks and citations omitted).

Where, as here, the plaintiff satisfies its requirement of showing minimum contacts, "the burden shifts to the defendant to demonstrate that exercising personal jurisdiction would nonetheless offend traditional notions of fair play and substantial justice." *Newsome*, 2013 WL 3722234 at *11 (internal quotation marks and citations omitted).

> The defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable. This usually involves five considerations: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared

> interest of the several states in furthering fundamental substantive social policies.

*Id.* (Internal quotation marks and citation omitted)

The burden on Defendant Zack is that of traveling to New Mexico, despite the fact that she does not live in New Mexico or have an office New Mexico. [Doc. 29-1, ¶ 10] Weighing the burden on Defendant Zack against New Mexico's "interest in adjudicating the dispute, the [Plaintiffs'] interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies," New Mexico is a reasonable, if not the most reasonable, forum for the Plaintiffs claims. *Burger King Corp.*, 471 U.S. at 477 (internal quotation marks and citations omitted). New Mexico has the strongest interest of all the states in deciding whether the use of its judicial system was abusive. Thus, fair play and substantial justice support New Mexico's exercise of jurisdiction over Defendant Zack based on the allegations of the complaint.

### *The Fiduciary Shield Doctrine Does not Apply*

Defendant Zack alternatively relies on the fiduciary shield doctrine as set out in *Allen v. Toshiba Corp.*, 599 F.Supp. 381, 384 (D.N.M. 1984) to argue that this Court cannot exercise jurisdiction over her for acts she did in or aimed at New Mexico but conducted entirely within the province of her employment. [Doc. 29 pp. 12-14]

"[T]he fiduciary shield doctrine is a question of state law, not due process." *Newsome*, 2013 WL 3722234, at *18. After *Allen*, the New Mexico Court of Appeals soundly rejected the fiduciary shield doctrine:

> [I]nasmuch as New Mexico exercises personal jurisdiction to the full extent the constitution allows, the fiduciary shield doctrine is not constitutionally required in New Mexico. An employee of a corporation subject to personal jurisdiction will not be shielded from jurisdiction if he or she is a "primary participant[ ] in [the] alleged wrongdoing intentionally directed" at the forum state, which activities formed the bases of the jurisdiction over the corporation.

*Santa Fe Techs., Inc. v. Argus Networks, Inc.*, 2002-NMCA-030, ¶ 49, 131 N.M. 772, 42 P.3d 1221 (quoting *Calder v. Jones*, 465 U.S. 783, 790 (1984). Plaintiff alleges that Defendant Zack was a primary participant in the allegedly tortious conduct directed at New Mexico. [Doc. 162, ¶¶ 14, 162] Thus, Defendant Zack's resort to the fiduciary shield doctrine is unavailing.

### *Controverted Facts, Discovery and Rule 11*

In her reply brief (and without asking for relief) Defendant Zack claims that Plaintiffs violated Federal Rule of Civil Procedure 11, and argues that "[i]f Plaintiffs were uncertain as to how the five Facilities came to file suit, that discovery should have been taken *before* joining Ms. Zack as a defendant in litigation in which Plaintiffs had no clear or good faith notion as to who made the decisions Plaintiffs themselves admit were required to establish personal jurisdiction." [Doc. 106, p. 4]

The Court generally does not consider new legal arguments raised for the first time in the reply brief, and rejects Defendant Zack's arguments accordingly. *See* Fed.R.Civ.P. 7(b)(1)(B), (C) (requiring motions to state "with particularity the grounds" that the movant is relying on for relief and the relief sought); *c.f. Doebele v. Sprint/United Mgmt.* Co., 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) (stating that a trial court abuses its discretion if it considers new legal arguments or new evidence raised for the first time in a reply brief without permitting surreply). It is "unfair to the opposing party for the court to consider new issues submitted with a reply[;] it deprives the court of the benefit of full briefing and deprives the opposing party of a chance to respond." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, 2007 WL 5231709, *5 (D.N.M. Aug. 24, 2007) (quoting *Doctor John's, Inc. v. City of Roy*, 2007 WL 1302757, *4 (D. Utah May 7, 2007)).

Further, even if the Court were to consider Defendant Zack's argument, the Court would not find it meritorious. This case is akin to *Health Grades, Inc.*, in which it was known that one of the Defendant's employees accessed a web-page and agreed to its terms of usage, which included a Colorado forum selection clause, and jurisdiction turned on whether that individual had the authority to bind the Defendant. *Health Grades, Inc.*, 190 Fed.Appx. at 588. The Plaintiffs alleged that someone within the Defendant's facility had agreed to the terms of usage but, without discovery, the Plaintiffs did not have evidence of that person's identity or whether that person had authority to bind the corporation. *Health Grades, Inc.*, 190 Fed.Appx. at 589. Under those circumstances, our Tenth Circuit concluded that the district court abused its discretion in not allowing jurisdictional discovery, stating:

14

"a refusal to grant discovery constitutes an abuse of discretion if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary." *Id.*

Here, the Harvey Plaintiffs have alleged facts allowing a reasonable inference that someone or some entity outside of the five Defendant Facilities had involvement in or directed the filing of the lawsuits. [Doc. 162, ¶¶ 12, 14, 15, 21, 119] Further, the Harvey Plaintiffs have pointed to circumstances leading to a reasonable inference that such person was Defendant Zack, submitting that:

> The owner of Defendant Facilities, THI of New Mexico, is a holding company with no employees, officers or directors. THI of New Mexico is owned by THIB. THIB has denied directing the filing of the five (5) underlying suits. *See* THIB's Reply in support of Motion to Dismiss ("THIB Reply") filed on 7/19/12. Therefore, the order to file the five (5) underlying lawsuits, the actions of the Defendant Facilities surrounding these suits, and the pursuit of the Valle Norte Lawsuit, had to be controlled by FAS. Zack is the Senior Vice President, Chief Risk Officer and in-house lawyer for FAS.

[Doc. 44 p. 7] Though Ms. Zack has denied these allegations, for purposes of this motion to dismiss, the Court must resolve this factual dispute in Plaintiffs' favor. *Dudnikov*, 514 F.3d at 1070. Accordingly, these facts lead to a reasonable inference that Ms. Zack was involved in the filing of the lawsuits.

Here the various Defendants are the sole entities with access to the information, and thus, discovery should be allowed. *See Sizova*, 282 F.3d at 1326 ("[A] refusal to grant [jurisdictional] discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant[.] Prejudice is present where pertinent facts bearing on the question of

15

jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." (internal quotation marks, citations, and ellipsis omitted)); *Health Grades*, *Inc*, 190 Fed.Appx. at 589 (finding abuse of discretion for not allowing jurisdictional discovery on the question of personal jurisdiction).

Plaintiffs allegations are akin to those in *Health Grades, Inc.*, and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," Fed. R. Civ. P. 11(b)(3). The Court finds no Rule 11 violation and the Court concludes that Plaintiffs have met their burden to make a prima facie showing of facts which establish personal jurisdiction over Defendant Zack.

*Defendant Zack's Remaining Arguments*

Next, Defendant Zack cites this district's holding in *Walker v. THI of New Mexico at Hobbs Ctr.,* 801 F.Supp.2d 1128 (D.N.M. July 6, 2011) in arguing that this Court does not have personal jurisdiction over her. [Doc. 106, pp. 11-13] In *Walker*, however, the Plaintiff relied on a novel, distinguishable theory in asserting personal jurisdiction. In *Walker*, an employee sued not only her employer, THINM at Hobbs, but also Fundamental Clinical Consulting, LLC, THIB, Inc., THI of New Mexico, LLC, FAS, LLC, Fundamental Long Term Care Holdings, LLC, (FLTCH) and others for employment discrimination and alleged termination on the basis of her race. *Id.* at 1131-32. THIB and FLTCH moved to dismiss

16

for lack of personal jurisdiction. *Id.* at 1131.  The Court found that FLTCH wholly owned THIB, THIB wholly owned THINM, and THINM wholly owned THINM at Hobbs. *Id.* at 1132.  FLTCH and THIB were both out of state citizens. *Id.* at 1132-33.  Neither had ever maintained a place of business in New Mexico, had employees in New Mexico, or performed other, typical hallmarks of contact within New Mexico. *Id.*  Accordingly, the Court found that the plaintiff had not "made a prima-facie showing that either [THIB] or FLTCH have minimum contacts with New Mexico such that the maintenance of Walker's suit against them does not offend traditional notions of fair play and substantial justice."  *Id.* at 1143.  Nonetheless, the plaintiff argued that the Court should assert personal jurisdiction over THIB and FLTCH because, they, along with THI of New Mexico at Hobbs and the other defendants, "act[ed] as a single, integrated enterprise" in racially discriminating against her. *Id.* at 1136.  The Court rejected this theory, determining that the single-employer test is a test used by courts to determine whether two entities constitute a single employer for purposes of Title VII liability, and the Title VII "single-employer" test is not applicable to the due process inquiry required in determining whether a court can assert personal jurisdiction. *Id.* at 1153-54.

Unlike in *Walker*, here Plaintiffs do not allege that Defendant Zack was a "single-employer" with the Defendant Facilities, nor that Defendant Zack was the Facility Defendants' alter ego. *Compare id.* Plaintiffs argue that this Court should assert personal jurisdiction over Defendant Zack because she was, allegedly, personally involved in the commission of torts New Mexico. [*See* SAIC, Doc. 162, ¶ 134] In *Walker* the Court rejected

17

the plaintiffs assertion that it was proper to substitute a theory of liability for the well-established test for personal jurisdiction. Here, on the other hand, the Court's exercise of personal jurisdiction over Defendant Zack is reasonable and consistent with Tenth Circuit case law.

Finally, the Court has determined that Defendant Zack is subject to jurisdiction in New Mexico because of her own acts aimed at New Mexico, and not solely because she was part of a conspiracy aimed at New Mexico. As such, the Court rejects Defendant Zack's argument that Plaintiffs have not sufficiently alleged conspiracy to establish personal jurisdiction over her. [Doc. 106, pp. 13-14]

## CONCLUSION

The Court concludes that Plaintiffs have met their burden of establishing a prima facie showing of personal jurisdiction over Defendant Christine Zack.

**IT IS THEREFORE ORDERED** that Defendant Christine Zack's Motion to Dismiss for Lack of Personal Jurisdiction is **denied.**

**SO ORDERED** this 30th day of September, 2013, in Albuquerque, New Mexico.

_____
THE HONORABLE M. CHRISTINA ARMIJO
Chief United States District Court Judge