IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DUSTI HARVEY,
and HARVEY LAW FIRM, LLC,

    Plaintiffs,

v.                                     No.   12-CV-727 MCA/RHS

THI OF NEW MEXICO AT ALBUQUERQUE
CARE CENTER, LLC; THI OF NEW MEXICO
AT VALLE NORTE, LLC d/b/a Valle Norte
Care Center; THI OF NEW MEXICO AT VIDA
ENCANTADA, LLC, d/b/a Vida Encantada
Nursing and Rehab; THI OF NEW MEXICO
AT LAS CRUCES, LLC; THI OF NEW MEXICO,
LLC; FUNDAMENTAL ADMINISTRAVE
SERVICES, LLC; AND CHRISTINA A. ZACK,
a/k/a CHRISTINE A. ZACK GUNDERSON.

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Plaintiffs Dusti Harvey and Harvey Law Firm, LLC's Motion* in Limine *to Exclude Testimony Concerning Alleged Inaccuracies in Pleadings*.  [Doc. 479]  The Court, having considered the submissions, the relevant law, and otherwise being fully informed in the premises, hereby **DENIES** the Motion **WITHOUT PREJUDICE**.

Plaintiffs submit that at the deposition of Ms. Harvey, counsel for Defendant Fundamental Administrative Services, LLC (FAS) repeatedly questioned Ms. Harvey as to why Plaintiffs' Complaint alleged that Christine Zack "personally participated in the actions of THI of New Mexico, LLC; the Defendant Facilities; THIB and FAS which

1

give rise to this Complaint." [Doc. 479, pp. 2-4 & n.1] Plaintiffs seek to prevent Defendants from asking similar questions at trial and submit that this line of questioning is only meant to "embarrass and harass Ms. Harvey by suggesting the Plaintiff didn't pay enough attention to what was in her complaint." [Doc. 479. p. 4] Plaintiffs argue that FAS is "attempt[ing] to penalize Ms. Harvey and HLF by questioning them about alleged drafting inaccuracies committed by Harvey counsel[.]" [Doc. 479, p. 4]

In certain contexts, questioning a party at trial about the statements made in its pleadings is not improper. *See Rooms v. Sec. & Exch. Comm'n*, 444 F.3d 1208, 1213 (10th Cir. 2006) ("A pleading prepared by an attorney is an admission, however, because the attorney presumably speaks for the litigant."); *Raulie v. U.S.*, 400 F.2d 487, 526 (10th Cir. 1968) (endorsing the use of diametrically opposed factual allegations made in pleadings by a party at trial for impeachment purposes). Thus, Plaintiffs have not persuaded the Court *at this time* that such questions should be prohibited at trial.

The Court notes, however, that Plaintiffs have not argued that this evidence is irrelevant or otherwise inadmissible under the Rules of Evidence, and the Court has not ruled on the relevance of this testimony. Fed. R. Evid. 401, 402. Additionally, questions which mislead the jury, waste the time of the Court and the jury, or are otherwise substantially more prejudicial than probative will not be permitted. Fed. R. Evid. 403.

The Court's ruling on all issues addressed above are subject to reconsideration if unforeseen circumstances or a change in context should arise during the trial. If such circumstances should arise, the parties must seek a ruling from the Court outside the presence of the jury regarding the admissibility of such evidence.

**IT IS THEREFORE HEREBY ORDERED** that *Plaintiffs Dusti Harvey and Harvey Law Firm, LLC's Motion* in Limine *to Exclude Testimony Concerning Alleged Inaccuracies in Pleadings* [Doc. 479] is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 31st day of March, 2014 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court