IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DUSTI HARVEY,**
**And HARVEY LAW FIRM, LLC,**

      **Plaintiffs,**

v.     No.   12-CV-727 MCA/RHS

**THI OF NEW MEXICO AT ALBUQUERQUE**
**CARE CENTER, LLC; THI OF NEW MEXICO**
**AT VALLE NORTE, LLC d/b/a Valle Norte**
**Care Center; THI OF NEW MEXICO AT VIDA**
**ENCANTADA, LLC, d/b/a Vida Encantada**
**Nursing and Rehab; THI OF NEW MEXICO**
**AT CASA MARIA, LLC; THI OF NEW MEXICO**
**AT LAS CRUCES, LLC; THI OF NEW MEXICO,**
**LLC; FUNDAMENTAL ADMINISTRAVE**
**SERVICES, LLC; AND CHRISTINA A. ZACK,**
**a/k/a CHRISTINE A. ZACK GUNDERSON.**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Exclude the Opinions of Brian Reinhardt, CPA, CFFA, and Strike the Designation of Brian Reinhardt, CPA, CFFA ("Motion"), filed May 24, 2013.  [Doc. 339.]  On June 6, 2013, Plaintiffs filed a Response ("Response").  [Doc. 359.]  On June 19, 2013, Defendants filed a Reply ("Reply").  [Doc. 390.]  On July 2, 2013, Plaintiffs filed a Notice of Errata to correct citations in their Response.  [Doc. 428.]  On July 16, 2013, Defendants filed a Surreply to Plaintiffs' Notice of Errata.  [Doc. 445.]  Having considered the submissions of the

1

parties and the relevant law, the Court finds that Defendants' Motion [Doc. 339] is not well taken and is **DENIED**.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 12, 2012, Plaintiffs filed a Complaint for Declaratory and Affirmative Relief in the Second Judicial District Court, County of Bernalillo, New Mexico, styled *Dusti Harvey et al. v. THI of New Mexico at Albuquerque Care Center, LLC et al.,* Case No. D-202-CV-2012-03585.  Plaintiffs named the following "THI Facility Defendants": THI of New Mexico at Albuquerque Care Center, LLC; THI of New Mexico at Valle Norte, LLC; THI of New Mexico at Vida Encantada, LLC; THI of New Mexico at Casa Maria, LLC; and THI of New Mexico at Las Cruces, LLC. Plaintiffs also named as Defendants THI of New Mexico, LLC; THI of Baltimore, Inc.;[1] Fundamental Administrative Services, LLC; and Christine A. Zack.  On July 3, 2012, Defendant Fundamental Administrative Services, LLC removed the action to this Court pursuant to 28 U.S.C. § 1441(a) because it is between citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. [Doc. 1.]

The primary issue in this case involves allegations by the THI Facility Defendants that Plaintiffs violated the confidentiality provisions contained in several settlement agreements when they made certain statements in subsequent lawsuits referencing aggregate settlement payments they had received from THI of Baltimore, Inc., and Fundamental Long Term Care Holdings.  [Doc. 162 at 16.]  Plaintiffs filed this action

---

[1] THI of Baltimore was voluntarily dismissed on January 10, 2013.  [Doc. 143.]

seeking a declaration that they did not breach the confidentiality provisions of the settlement agreements, and bringing claims for malicious abuse of process, prima facie tort, defamation and civil conspiracy.  [*See* Doc. 162.]  Each of the THI Facility Defendants filed counterclaims alleging breach of contract and malicious abuse of process, and seeking specific performance, injunctive relief, and declaratory judgment.  [*See* Docs. 70, 71, 72, 73, 74.]  Defendant THI of New Mexico also filed a counterclaim against the Plaintiffs asserting malicious abuse of process.  [*See* Doc. 105.]

On January 18, 2013, Plaintiffs filed their Designation of Expert Witnesses [Doc. 148] pursuant to the Court's Scheduling Order entered on September 6, 2012. [Doc. 22.]  Therein, Plaintiffs identified Brian C. Reinhardt, CPA, CFFA, as a retained expert witness to "evaluate and respond to the expert witness report and testimony of Mr. Rodney W. Sowards CPA, CFF."  [Doc. 148 at 26.]

**<u>Defendants' Motion to Strike</u>**

Defendants move this Court to exclude the opinions and designation of Brian Reinhardt, CPA, CFFA.  They first argue that Mr. Reinhardt's opinions are not relevant and violate this Court's gatekeeping role because they amount to legal conclusions regarding the reliability of Mr. Sowards' methodologies.  [Doc. 339 at 5-6.]  While Defendants cite to several cases for the general principle that an expert may not state legal conclusions by applying the law to the facts, Defendants primarily rely on *In Re Heparin Products Liability Litigation* ("*In re Heparin*"), 803 F.Supp.2d 712, (N.D. Ohio 2011) to support their argument that "[a]n expert who testifies that another expert's methodology is flawed and not valid is not helpful to a fact-finder, and therefore not

3

admissible." [Doc. 339 at 7, citing *In re Heparin*, 803 F.Supp.2d. at 751.] Defendants further contend that to allow Mr. Reinhardt to offer an opinion that speaks to an ultimate issue of law would be improper, confuse the issues, and mislead the jury. [Doc. 339 at 8.] For these reasons, Defendants assert that Mr. Reinhardt's opinions should be excluded.

Defendants next argue that Mr. Reinhardt's designation is untimely and should be stricken. [Id. at 8.] Defendants explain that according to the Court's Scheduling Order, *Plaintiffs* were to designate expert witnesses by December 5, 2012, and that "all other parties" were required to disclose expert witnesses by January 18, 2013. [Doc. 339 at 9.] Here, Plaintiffs designated Mr. Reinhardt on January 18, 2013. Defendants state that even if Mr. Reinhardt were a rebuttal witness, he should have been identified within 30 days of their designation of Mr. Sowards, which would have been January 4, 2013. [Doc. 339 at 10.] As such, they contend that Mr. Reinhardt's designation is untimely and subject to sanctions pursuant to Rule 37(c).

Finally, Defendants point out in a footnote that Mr. Reinhardt's opinions lack validity because he testified that he did not thoroughly read through all of the materials that Mr. Sowards considered in authoring his expert report. [Doc. 339 at 7, n. 8.] Defendants contend Mr. Reinhardt's designation should be stricken on this basis.

**Plaintiffs' Response**

Plaintiffs respond that Mr. Reinhardt's opinions regarding the methodologies and data used by Mr. Sowards, as a CPA, are admissible and should be allowed because he is not giving an opinion on an ultimate issue of law but on the accounting functions

4

employed by Mr. Sowards in determining damages. [Doc. 359 at 4.] Plaintiffs assert that Defendants' reliance on *In re Heparin* is misplaced because it directly contradicts their position regarding the admissibility of expert testimony criticizing an expert's methodology. [Doc. 359 at 3, citing *In re Heparin*, 803 F.Supp.2d at 752-53.] To their point, Plaintiffs state that the court in *In re Heparin* did not exclude "several opinions" the expert offered regarding the methodologies employed by other experts. [Doc. 359 at 2, citing *In re Heparin*, 803 F.Supp.2d at 751.]

  As to the issue of timeliness, Plaintiffs contend their designation of Mr. Reinhardt was timely pursuant to the Court's Scheduling Order because Defendants identified Mr. Sowards in connection with their counterclaims thereby giving Plaintiffs, as Counter-Defendants, the opportunity to designate a rebuttal expert witness. [Doc. 359 at 6.] While Plaintiffs acknowledge that Rule 26(a)(2)(D)(ii) mandates identification of rebuttal witnesses within 30 days after the other party's disclosure, Plaintiffs assert that the Court's Scheduling Order controlled the disclosure deadlines in this case. [Doc. 359 at 6-7.] As such, Plaintiffs identification of Mr. Reinhardt as a rebuttal witness on January 18, 2013, is in full compliance with the Court's Scheduling Order. [Id.]

  Finally, Plaintiffs argue that Mr. Reinhardt's cursory review of the documents relied upon by Mr. Sowards in forming his opinions is sufficient because the only potential relevance identified by Mr. Sowards regarding the settlement agreements he reviewed is "the date of the breach in relationship to when the settlements occurred." [Doc. 359 at 5.] In any event, Plaintiffs assert that the thoroughness of Mr. Reinhardt's

5

review would go to the weight of his opinions rather than the preliminary question of admissibility.  [Doc. 359 at 5.]

## RELEVANT LAW

**A.  Admission of Expert Testimony.**

Federal Rule of Evidence 702 governs the admission of expert testimony.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)  the testimony is based on sufficient facts or data;
>
> (c)  the testimony is the product of reliable principles and methods; and
>
> (d)  the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

**B.  Disclosure of Experts**

Rule 26(a)(2)(A) requires that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.  The time to disclose expert testimony is as follows:

> A party must make these disclosures at the times and in the sequence that the court orders.  Absent a stipulation or a court order, the disclosures must be made:
>
> (i)  at least 90 days before the date set for trial or for the case to be ready for trial; or

> (ii)   if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(D).

The rules also include sanctions for insufficient disclosures. Fed. R. Civ. P. 37(c)(1). It provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-American Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). In exercising its discretion, "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Woodworker's Supply, Inc.*, 170 F.3d at 993. A district court may "refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless." *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 952-53 (10th Cir.2002)(citing Fed. R. Civ. P. 37(c)). Our United States Court of Appeals for the Tenth Circuit has identified four factors that a district court should consider when deciding whether to exclude expert evidence: "[i] the prejudice or surprise to the party against whom the testimony is offered; [ii] the ability of the party to cure the prejudice;

[iii] the extent to which introducing such testimony would disrupt the trial; and [iv] the moving party's bad faith or willfulness." *Ellsworth v. Tuttle*, 148 Fed. Appx. 653, 665 (10th Cir. 2005)(quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins*. Co., 170 F.3d at 993).

## ANALYSIS

### A. The Propriety of Mr. Reinhardt's Rebuttal Testimony

Defendants argue that "[b]ecause the sole purpose of Mr. Reinhardt's report and opinions is to critique the report and methodology used by Mr. Sowards, his opinions amount to nothing more than a legal conclusion and therefore are not permissible [and] are of no use to a fact-finder because he does not opine on damages." [Doc. 339, p. 4] Defendants argue that "Mr. Reinhardt attempts to exercise this Court's gatekeeping function by concluding that Mr. Sowards did not apply an appropriate methodology in reaching his conclusions." [Doc. 330, p. 6]

Defendants are correct that the Court must make an initial, "gatekeeping" determination that an expert's testimony "has a reliable basis in the knowledge and experience of the relevant discipline." *Kumho Tire Co., Ltd v. Carmichael*, 526 U.S. 137, 149 (1999) (internal brackets, quotation marks and citation omitted). Plaintiffs have not yet filed a *Daubert/Kumho* motion with regard to Mr. Sowards' testimony, and thus the Court has not yet performed that gatekeeping function. Assuming, however, that Mr. Sowards' testimony is not excluded under *Daubert/Kumho*, it is well settled that experts are permitted to critique each other's methods. *See, e.g., United States v. Posey*, 647 F.2d 1048, 1051 (10th Cir. 1981) ("It is quite reasonable for a chemist to review another

chemist's analysis when forming an opinion as to the veracity of the latter's test results."); *Benedict v. U.S.*, 822 F.2d 1426, 1429 (6th Cir. 1987) ("[I]nsofar as Dr. Goldfield's testimony would have been directed to disproving the accuracy of Dr. Nathanson's methodology and data, it was proper rebuttal and should have been allowed."); *In re Cessna 208 Series Aircraft Products Liability Litigation*, 2009 WL 1649773, *1 (D.Kan. 2009) ("Numerous courts have permitted experts to testify at trial about the reliability of the opinions of opposing experts."); *Slicex, Inc. v. Aeroflex Colorado Springs, Inc.*, 2006 WL 1932344, *3 (D.Utah 2006) (holding that an expert was "allowed to testify as a rebuttal expert witness in order to rebut the methodology and the assumptions used by Plaintiff's expert");  *Wiand v. Waxenberg*, 611 F.Supp.2d 1299, 1315 (M.D.Fla. 2009) (holding expert accountant "may properly challenge [opposing party's expert accountant's] methodologies and assumptions, notwithstanding the fact that he does not offer a competing opinion"); *KW Plastics v. United States Can Co.*, 199 F.R.D. 687, 692 (M.D. Ala. 2000) (in a breach of contract case, holding that rebuttal expert on damages could testify "as to the flaws that he believes are inherent in a damages report"); *1st Source Bank v. First Resource Federal Credit Union*, 167 F.R.D. 61, 66 (N.D. Ind. 1996) (holding that rebuttal witness could criticize plaintiff's damages theories and calculations, without offering alternatives).

      The Court is not persuaded by Defendants' reliance on the non-binding cases of *In re Heparin Prod. Liab. Litig.*, 803 F.Supp.2d 712, 750-51 (N.D. Ohio 2011) (stating that "the fact that experts disagree does not render their testimony unreliable") or *Chavez v. Carranza*, 559 F.3d 486, 498 (6th Circ. 2009) (affirming trial court's refusal to allow a

law professor to testify as to the "whether the Salvadoran Amnesty Law prohibits U.S. courts from exercising jurisdiction over plaintiffs' claims" as the issue was a question of law for the court). The Court is not persuaded that the cases stand for the propositions for which Defendants cite them. [Doc. 339, p. 7; Doc. 390, 3-6] However, to the extent that *In re Heparin* can be read to stand for the proposition that an expert testifying that another expert's methodology "is flawed and not valid . . . strays into a legal conclusion[,]" the Court believes that our Tenth Circuit would not adopt the Northern District of Ohio's analysis. *Compare In re Heparin*, 803 F.Supp.2d at 751 (internal quotation marks and citation omitted) *with Posey*, 647 F.2d at 1051 (holding that the trial court did not abuse its discretion where one expert opined as to the "veracity" of another expert's results).

    Finally, the Court is not persuaded by Defendants' argument that Mr. Reinhardt's testimony would not be helpful to the trier of fact or that it would confuse the jury. [Doc. 339, pp. 7, 8] Mr. Reinhardt's reference to the American Institute of Certified Public Accountants' Code of Professional Conduct provision stating that a CPA's work will be based on "sufficient relevant data to afford a reasonable basis for conclusions or recommendations" illustrates that he is offering testimony based on his specialized knowledge as a certified public accountant. Thus, the testimony will be helpful to the trier of fact. [Doc. 339-1, p. 2] *See* Fed. R. Evid. 702 (allowing expert opinion testimony where the expert's "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue"). Nor have Defendants offered any persuasive

argument as to how the testimony will confuse the jury.  [Doc. 339, p. 8]  Accordingly, the Court will not strike Mr. Reinhardt's testimony on either of these grounds.

### B. Timeliness of Mr. Reinhardt's Report

Rule 26(a)(2)(D) governs the time to disclose expert reports.  The rule clearly states that disclosure must be made within a certain number of days before trial or a certain number of days after the other party's disclosure "[a]bsent a stipulation or a court order."  Fed. R. Civ. P. 26(a)(2)(D).  While Defendants argue that the Court's Scheduling Order mandated that Plaintiffs were to declare their expert witnesses by December 5, 2012, Mr. Reinhardt is not an affirmative expert witness in this case.  He is a rebuttal expert whose testimony is intended solely to contradict or rebut evidence on the same subject matter identified by Defendants' expert witness Mr. Sowards.  See *Carroll v. Allstate Fire and Casualty Insurance Company*, 2013 WL 3810864 (D. Colo. 2013)(unpublished opinion)(citations omitted).  As such, it is only logical that disclosing Mr. Reinhardt would have to occur *after* the disclosure of Defendants' affirmative expert witness Mr. Sowards.  Given that Defendants disclosed Mr. Sowards on December 5, 2012, it is also logical that Plaintiffs' disclosure of Mr. Reinhardt would be in step with the Court's Scheduling Order that clearly indicates the next expert disclosure date as January 18, 2013.  [Doc. 22 at 2.]

Even assuming *arguendo* that Mr. Reinhardt should have been disclosed as a rebuttal expert on January 4, 2013, and that Rule 37(c) would apply, the primary question before the Court would be whether Defendants are prejudiced by the two-week delay in Plaintiffs' disclosure of Mr. Reinhardt.  Here, there is no evidence of prejudice or of "trial

11

by ambush." *See Beller ex rel Beller v. United States*, 221 F.R.D. 689, 693 (D.N.M. 2003). Defendants have taken Mr. Reinhardt's deposition and are fully aware of his testimony. Furthermore, there is no trial setting and no evidence of bad faith or willfulness by Plaintiffs.

For all of these reasons, the Court finds that Mr. Reinhardt's designation is timely and it will not be excluded on the basis of untimeliness.

### C. Mr. Reinhardt's Review of Supporting Documents

Defendants argue that Mr. Reinhardt's report should be stricken because he testified that he only read the first page or two of each of the settlement agreements considered by Mr. Sowards in authoring his Expert Report, and then scanned through the remaining documents. Any shortcomings in Mr. Reinhardt's alleged failure to consider relevant facts and data go to the weight, and not the admissibility, of Mr. Reinhardt's opinions. *See Musket Corporation v. Star Fuel of Oklahoma, LLC*, 2012 WL 4758082, *4 (2012 WL 4758082 (W.D. Okla.) (unpublished opinion). Defendants will have the opportunity to thoroughly question Mr. Reinhardt during cross examination regarding all of the alleged shortcomings they contend exist as a result of Mr. Reinhardt not thoroughly reading each of the settlement agreements.

### CONCLUSION

**WHEREFORE, IT IS THEREFORE HEREBY ORDERED** that *Defendants' Motion to Exclude the Opinions of Brian Reinhardt, CPA, CFFA, and Strike the Designation of Brian Reinhardt, CPA, CFFA* [Doc. 339] is **DENIED.**

**SO ORDERED THIS** 31st day of March, 2014, in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court