IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DUSTI HARVEY,**
And **HARVEY LAW FIRM, LLC,**

      Plaintiffs,

v.                                               No.   12-CV-727 MCA/RHS

**THI OF NEW MEXICO AT ALBUQUERQUE
CARE CENTER, LLC; THI OF NEW MEXICO
AT VALLE NORTE, LLC d/b/a Valle Norte
Care Center; THI OF NEW MEXICO AT VIDA
ENCANTADA, LLC, d/b/a Vida Encantada
Nursing and Rehab; THI OF NEW MEXICO
AT CASA MARIA, LLC; THI OF NEW MEXICO
AT LAS CRUCES, LLC; THI OF NEW MEXICO,
LLC; FUNDAMENTAL ADMINISTRAVE
SERVICES, LLC; AND CHRISTINA A. ZACK,
a/k/a CHRISTINE A. ZACK GUNDERSON.**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion to Strike Anticipated Testimony and Report of John S. Serpe, Esq., and/or J. Jonathan Hlavinka, Esq. ("Motion"), filed March 28, 2013. [Doc. 268.] On May 7, 2013, Defendants filed a Response ("Response"). [Doc. 307.] On May 29, 2013, Plaintiffs filed a Reply ("Reply"). [Doc. 346.] Having considered the submissions of the parties and the relevant law, the Court finds that Plaintiffs' Motion is **GRANTED IN PART and DENIED IN PART**.

1

## PROCEDURAL AND FACTUAL BACKGROUND

On April 12, 2012, Plaintiffs filed a Complaint for Declaratory and Affirmative Relief in the Second Judicial District Court, County of Bernalillo, New Mexico, styled *Dusti Harvey et al. v. THI of New Mexico at Albuquerque Care Center, LLC et al.,* , Case No. D-202-CV-2012-03585.  Plaintiffs named the following "THI Facility Defendants": THI of New Mexico at Albuquerque Care Center, LLC; THI of New Mexico at Valle Norte, LLC; THI of New Mexico at Vida Encantada, LLC; THI of New Mexico at Casa Maria, LLC; and THI of New Mexico at Las Cruces, LLC.  Plaintiffs also named as Defendants THI of New Mexico, LLC; THI of Baltimore, Inc.;[1] Fundamental Administrative Services, LLC; and Christine A. Zack Gundersen.  On July 3, 2012, Defendant Fundamental Administrative Services, LLC removed the action to this Court pursuant to 28 U.S.C. § 1441(a) because it is between citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. [Doc. 1.]

The primary issue in this case involves allegations by the THI Facility Defendants that Plaintiffs violated the confidentiality provisions contained in several settlement agreements when they made certain statements in subsequent lawsuits referencing aggregate settlement payments they had received from THI of Baltimore, Inc., and Fundamental Long Term Care Holdings.  [Doc. 162 at 16.]  Plaintiffs filed this action seeking a declaration that they did not breach the confidentiality provisions of the settlement agreements, and bringing claims for malicious abuse of process, prima facie

---

[1] THI of Baltimore was voluntarily dismissed on January 10, 2013.  [Doc. 143.]

2

tort, defamation and civil conspiracy.  [*See* Doc. 162.]  Each of the THI Facility Defendants filed counterclaims alleging breach of contract and malicious abuse of process, and seeking specific performance, injunctive relief, and declaratory judgment.  [*See* Docs. 70, 71, 72, 73, 74.]  Defendant THI of New Mexico also filed a counterclaim against the Plaintiffs asserting malicious abuse of process.  [*See* Doc. 105.]

On December 5, 2012, the THI Facility Defendants and Defendant THI of New Mexico, LLC, filed their Initial Designation of Expert Witnesses [Doc. 95] pursuant to the Court's Scheduling Order entered on September 6, 2012.  [Doc. 22.]  Therein, the THI Facility Defendants and Defendant THI of New Mexico, LLC, identified John S. Serpe and J. Jonathan Hlavinka as retained expert witnesses.  Their expert designation states in pertinent part as follows:

> Messrs. Serpe and Hlavinka are attorneys of record for each of the parties to this expert designation.  Mr. Serpe and/or Mr. Hlavinka will offer opinions related to the reasonableness and necessity of any and all attorneys' fee (and expense) claims asserted herein, whether asserted by the parties to this expert designation, any or all of the plaintiffs herein, or any other party to this case.
>
> . . .
>
> Messrs. Serpe and/or Hlavinka may testify regarding any and all attorneys' fees issues in this case.  . . .
>
> Mr. Serpe and/or Mr. Hlavinka may also critique any and all attorneys' fees claims made by any plaintiff in this case.  . . .

[Doc. 95 at 3-4.]

**Plaintiffs' Motion to Strike**

Plaintiffs ask this Court to strike the anticipated expert testimony of Defendants' expert witnesses, John S. Serpe, Esq. and/or J. Jonathan Hlavinka, Esq., both of whom are also counsel of record for the THI Defendants in this lawsuit.  [Doc. 268 at 1.] Plaintiffs proffer four arguments in support of their Motion: (1) that Attorney Serpe's report does not comply with the requirements of Fed. R. Civ. P. 26(b)(2); (2) that allowing either Attorney Serpe or Attorney Hlavinka to testify would violate Rule 16-307 of the New Mexico Rules of Professional Conduct and prejudice Plaintiff's right to a fair trial; (3) that allowing both of them to testify would be cumulative; and (4) that Defendants are not entitled to attorney fees in the majority of their claims thereby making expert testimony improper.  [Doc. 268 at 2.]

In their Response, Defendants concede that the designation of Attorney Hlavinka is cumulative and as such they "de-designate Mr. Hlavinka as an expert witness in this case."  [Doc. 307 at 2.]  In response to Plaintiffs' arguments, Defendants first contend that because Attorney Serpe's designation was made in accordance with Rule 26(a)(2)(C), no written report was required.  [Id. at 7.]  That said, Defendants assert they nonetheless provided Plaintiffs with a report which fully complies with Rule 26(a)(2)(B). [Id. at 8.]  Defendants next contend that their counterclaims for breach of contract and malicious abuse of process allow for the recovery of attorney fees making expert witness testimony on this issue proper.  [Id. at 11.]  Finally, Defendants argue that Attorney Serpe's expert testimony falls within the exceptions articulated in Rule 16-307 of the

4

New Mexico Rules of Professional Conduct; *i.e.*, testimony that relates to the nature and value of legal services rendered in the case. [Id. at 12.]

Because the Court finds that Attorney Serpe's expert designation does not fall within the exceptions for a lawyer acting as witness articulated in Rule 16-307 of the New Mexico Rules of Professional Conduct and will strike his expert designation on that basis, the Court will not reach the remaining issues raised by the parties.

## **RELEVANT LAW**

Rule 83.9 of the Local Rules of Civil Procedure for the United States District Court District of New Mexico states:

> The Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico apply except as otherwise provided by local rule or by Court order. *See, e.g.*, D.N.M.LR-Civ. 83.4(c). Lawyers appearing in this District must comply with the section for lawyers of "A Creed of Professionalism of the New Mexico Bench and Bar."

D.N.M.LR-Civ. 83.9.

Rule 16-307 of the New Mexico Rules of Professional Conduct states in pertinent part:

> A.  Necessary Witnesses. A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>    (1) the testimony relates to an uncontested issue;
>
>    (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
>    (3) disqualification of the lawyer would work substantial hardship on the client.

Rule 16-307(A) NMRA.  The Committee Commentary states that "[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." *Id*.  The Comment further states in pertinent part:

> [2]   The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness.  The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation.  A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others.  It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.
>
> . . . Subparagraph (2) of Paragraph A recognizes that where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered, permitting the lawyers to testify avoids the need for a second trial with new counsel to resolve that issue. Moreover, in such a situation the judge has firsthand knowledge of the matter in issue; hence, there is less dependence on the adversary process to test the credibility of the testimony.

*Id.*

## ANALYSIS

Attorneys before this Court are bound by the New Mexico Rules of Professional Conduct.  *See* D.N.M.LR-Civ. 83.9.  As such, Attorney Serpe can only act as both an advocate and witness in this case if his testimony falls within one of the exceptions articulated in New Mexico Rule 16-307 and does not create a conflict of interest between the lawyer and client.  Attorney Serpe argues that his testimony meets one of the exceptions in Rule 16-307 because it relates to the nature and value of legal services rendered in the case and is necessary for proving attorney fees as elements of damages in

Defendants' various counterclaims.  The Court, however, finds Defendants' reliance on this exception is misplaced.

The plain language of Rule 16-307(A)(2) demonstrates that Attorney Serpe's anticipated testimony falls outside the scope of the testimony exception described therein. The Rule allows for testimony related to the "*nature and value* of legal services rendered *in the case*."  (Emphasis added.)  The Committee Commentary explains that this exception only allows attorneys to testify from personal knowledge regarding the nature and value of legal services they render in order to assist the *Court* in awarding fees and to avoid the need for a second trial with new counsel to resolve that issue.  Here, Attorney Serpe intends to offer opinions related to the reasonableness and necessity of the legal services he rendered to the THI Defendants in defending this lawsuit and prosecuting the counterclaims in this lawsuit.  [Doc. 95 at 3.]  Attorney Serpe also intends to offer opinions related to the reasonableness and necessity of the legal services rendered in each of the five underlying state court lawsuits filed by the THI Facility Defendants against Plaintiffs.  [Doc. 307-3 at 2-3.]  Finally, Attorney Serpe intends to offer opinions related to the reasonableness and necessity of legal services rendered by "any or all of the plaintiffs herein," and to critique "any and all attorneys' fees claims made by any plaintiff in this case." [Doc. 95 at 3-4.]  As such, Attorney Serpe's anticipated testimony reaches beyond the confines of the nature and value of legal services he has rendered in this case as described in Rule 16-307(A)(2) and is therefore prohibited.  *See  BP West Coast Products, LLC v. Shalabi*, 2013 WL 1694660, *2 (W.D. Wash.)(Rule 3.7 prohibits lawyer from testifying regarding the reasonableness or necessity of his fees).

In addition, to the extent Rule 16-307 allows for a lawyer to act as a witness at trial, the commentary to Rule 16-307 narrows the nature of lawyer as witness testimony to only lay witness testimony; *i.e.,* "[a] witness is required to testify on the basis of *personal knowledge*[.]"  (Emphasis added.)  Here, Attorney Serpe proposes to testify not as a lay witness, but as an expert witness whose role is to apply scientific, technical, or other specialized knowledge to help the trier of fact to understand the evidence and determine facts in issue.  Fed. R. Evid. 702(a).   Thus, the expert nature of Attorney Serpe's testimony also oversteps the limitations of Rule 16-307.  Furthermore, Attorney Serpe's attempt to serve as both an advocate and *expert* witness at trial in this matter flies in the face of the very rationale that supports the advocate-witness rule; *i.e.,* to protect the opposing party from any unfair prejudice accompanying the lawyer's dual roles and to protect the fact-finder from confusion.

That said, Attorney Serpe can testify within the limitations articulated in Rule 16-307(A)(2).  Therefore, to the extent Defendants' attorneys' fees are relevant to Defendants' claims for damages, Attorney Serpe may testify from personal knowledge regarding the nature and value of legal services he rendered to the Defendants in the case currently before this Court, USDC NM Civ. No. 12-727 MCA/RHS.

For these reasons, the Court finds that Attorney Serpe's designation as an expert witness does not fall within the exceptions of Rule 16-307 and as such he may not act as both an advocate and expert witness in this case.  However, Attorney Serpe may testify within the limitations of Rule 16-307(A)(2) as described above.

## **CONCLUSION**

**WHEREFORE, IT IS THEREFORE HEREBY ORDERED** that *Plaintiffs'*

*Motion to Strike Anticipated Testimony and Report of John S. Serpe, Esq., and/or J.*

*Jonathan Hlavinka, Esq.*, [Doc. 268] is **GRANTED IN PART and DENIED IN PART.**

_____
**M. CHRISTINA ARMIJO**
**Chief Judge, United States District Court**