IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DUSTI HARVEY,**
**and HARVEY LAW FIRM, LLC,**
    **Plaintiffs,**

v.                                                                   No.   12-CV-727 MCA/LAM

**THI OF NEW MEXICO AT ALBUQUERQUE**
**CARE CENTER, LLC; THI OF NEW MEXICO**
**AT VALLE NORTE, LLC d/b/a Valle Norte**
**Care Center; THI OF NEW MEXICO AT VIDA**
**ENCANTADA, LLC, d/b/a Vida Encantada**
**Nursing and Rehab; THI OF NEW MEXICO**
**AT LAS CRUCES, LLC; THI OF NEW MEXICO,**
**LLC; FUNDAMENTAL ADMINISTRAVE**
**SERVICES, LLC; AND CHRISTINA A. ZACK,**
**a/k/a CHRISTINE A. ZACK GUNDERSON.**

    **Defendants.**

## ORDER

**THIS MATTER** is before the Court on *Plaintiffs' Motion for Leave to File Motion for Summary Judgment* [Doc. 599]. Having considered the submissions, the law, and otherwise being fully informed in the premises, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the *Motion*. [Doc. 599]

**LEGAL STANDARD**

"Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "Motions for summary judgment will not be considered unless filed within the deadline set in the Joint Status Report to allow sufficient time for the opposing party to file counter-affidavits and responses thereto, and

to permit the Court reasonable time to hear arguments, if granted, and to consider the merits." D.N.M.LR-Civ. 56.1(a).

Nonetheless, Federal Rule of Civil Procedure 6[1] allows for extensions of the deadlines to file motions:

> (b) Extending Time.
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

*See also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896-97 (1990) (concluding that the district court had the discretion to decline to allow untimely affidavits opposing summary judgment under Rule 6); *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) ("[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b).").

Despite the requirements of Rule 56, Rule 6 and Local Rule 56.1, "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Sports Racing Servs, Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 892 (10th Cir. 1997) (same). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but

---

[1] Vida Encantada cites the good cause analysis applied in the Court's previous Order denying several Defendants' Motions for Leave to Amend their Counterclaims. Though there are similarities in the analysis, the focus here must be on whether Plaintiffs have established "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). [Doc. 606, pp. 12-13, citing Doc. 582]

rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp.*, 477 U.S. at 327.

**ANALYSIS**

On May 16, 2014, Plaintiffs filed the present *Motion for Leave to File Motion for Summary Judgment*. [Doc. 599]  Plaintiffs seek to file a motion for summary judgment on Counts I through IV of Defendant Vida Encantada's counterclaim, which are: Count I, damages for breach of contract; Count II, specific performance for breach of contract; Count III, injunctive relief relating to the breach of contract; and Count IV, declaratory relief with regard to the breach of contract.[2]  [Doc. 599-1; Doc. 71, pp. 46-50]  By Order of the Court, the deadline to file dispositive motions was August 16, 2013.  [Doc. 453]  Nonetheless, Plaintiffs argue that they should be permitted to file a motion for summary judgment well past the deadline.  Plaintiffs' main argument for excusing the late filing of the motion is that Defendant Vida Encantada did not make clear its intention to seek one category of damages for the breach of contract claim until after the deadline to file a motion for summary judgment had passed.  [Doc. 599, ¶¶ 2, 7]  Though the discovery deadline in this case was in May of 2013,[3] [Doc. 240] Vida Encantada did not

---

[2] Though Vida Encantada broke the remedies for the breach of contract into four separate counts, the breach of contract is in fact a single cause of action. *See Miller v. Wells Fargo Bank, N.A.*, 994 F. Supp. 2d 542, 558 (S.D.N.Y. 2014) (But [d]eclaratory judgments and injunctions are remedies, not causes of actions."). Even so, the Court can consider summary judgment on any one part of a cause of action, Federal Rule of Civil Procedure 56(a), which the Court will continue to refer to by Count to avoid confusion.

[3] Nonetheless, the parties continued discovery after this deadline without an express extension from the Court. [See Doc. 397, ¶ 2]

supplement its initial disclosures with a complete calculation of its breach of contract damages until December 6, 2013 (nearly four months after the deadline for summary judgment motions). [Doc. 599-2] On this date, Vida Encantada made clear its intent "to seek[] to recover as damages the amount of attorneys' fees realized by HLF in connection with the settlement" of the underlying cases. [Doc. 599-2]

Vida Encantada argues that Plaintiffs were aware of its disgorgement damages claim earlier. The Court is not persuaded. On May 9, 2013, when Plaintiffs deposed Vida Encantada's Rule 30(b)(6) expert, Mr. Ogletree, he stated the following with respect to the damages Vida Encantada was seeking:

> [E]ach facility has its own attorneys and its own costs, attorneys' fees for the—for enforcing the confidentiality provisions, for defending the plaintiffs' claims, for prosecuting the counterclaims, injunctive relief, declaratory judgment relief, nominal damages, punitive damages. *And like I said, the decision has not yet been made as to whether or not there would be an allegation to claw back the amount of money that was paid with respect to some or all of these agreements. But that has not been alleged to date.*

[Doc. 378-2, p. 5, 63:9-20 (emphasis added); *see also* Doc. 378-2, p. 5, 61:18 to 63:9] To the extent Vida Encantada argues that Plaintiffs were "made aware" of the disgorgement claims by its proposed expert on damages prior to this statement by Mr. Ogletree, [Doc. 606, pp. 5-6] the Court concludes that Mr. Ogletree's statement gave Plaintiffs cause to believe Vida Encantada was not, at that time, seeking to recover the attorneys' fees paid to Plaintiffs in the underlying settled cases. Thus, Plaintiffs have offered a reason to excuse their delay in filing the proposed Motion for Summary Judgment on the issue of

disgorgement damages up to at least Vida Encantada's supplemental disclosure in December of 2013.

Plaintiffs have also offered a persuasive excuse for the delay in filing a motion for summary judgment with regard to the damages claim between the supplemental disclosure in December of 2013 and mid-February, 2014. Four days after Vida Encantada's supplemental disclosure the parties entered into extended settlement negotiations. [Doc. 614, p. 5; Doc. 617-1; Doc. 617-2] In connection with the settlement negotiations, the record reflects that the parties put their discovery disputes on hold. [Doc. 493; Doc. 577] Moreover, filing the proposed motion for summary judgment in the midst of settlement negotiations could have been counter-productive to the settlement efforts. Accordingly, with regard to the damages claim, the Court exercises its discretion in finding excusable neglect for Plaintiffs' delay in filing its motion for leave to file motion for summary judgment through mid-February, 2014.

However, the Court finds that Plaintiffs have not established excusable neglect for their delay from mid-February 2014 to mid-May 2014 in filing a motion for summary judgment on the damages claim. After settlement negotiations broke down in mid-February of 2014, the parties submitted a Joint Status Report (on March 14, 2014) to the Court stating that the parties agreed to submit the following motions to the Court by May 16, 2014: (1) unresolved discovery motions which the Magistrate had denied without prejudice [Doc. 493]; and (2) "any motions related to Christine Zack (Plaintiffs anticipate filing a motion to compel; Ms. Zack anticipates filing a motion for summary judgment and motion for leave to file same)." [Doc. 577] Plaintiffs argue that they understood this

5

Report to allow Plaintiffs to file the present dispositive motion by the deadline proposed in the Report. [Doc. 614, p. 5]   Vida Encantada objects, [Doc. 606, pp. 4-5, 12] and the Court agrees with Vida Encantada that Plaintiffs' reading of the Joint Status Report is not reasonable. [Doc. 577]  The agreement reflected in the Joint Status Report is clear and limited, and cannot be read to include any summary judgment motion other than those regarding Ms. Zack. [Doc. 577, p. 2]

Vida Encantada also points out, [Doc. 606, p. 5] and the Court agrees, that Plaintiffs proposed Motion for Summary Judgment addresses much more than just the question of damages, as the Proposed Motion for Summary Judgment seeks judgment on Vida Encantada's Specific Performance, Injunctive Relief and Declaratory Judgment claims. [Doc. 599-1, pp. 10-12]  Plaintiffs have not offered any explanation for failing to file their Motion for Summary Judgment on these grounds within the deadline established by the Court's Order.  Thus, with respect to Plaintiffs' request for leave to file a motion for summary Judgment on Vida Encantada's Counts II, III and IV, the Court exercises its discretion to deny Plaintiffs' request.

However, despite the fact that Plaintiffs have not shown excusable neglect for the entire period of delay in filing their *Motion for Leave to File Motion for Summary Judgment,* the Court concludes that with regard to Vida Encantada's first Count, there is an overriding concern in this case warranting granting Plaintiffs' Motion.  The Court's research reveals that New Mexico law does not address the proper measure of damages for the breach of a confidentiality clause.  Thus, presumably, the general rules for contract damages apply. *See, e.g., Orion Technical Resources, LLC v. Los Alamos Nat.*

6

*Sec., LLC*, 287 P.3d 967, 977-78 (N.M. Ct. App. 2012) (discussing contract damages generally); *Sunnyland Farms, Inc., v. Central New Mexico Elec. Co-op., Inc.*, 301 P.3d 287, 393 (N.M. 2013) (stating the standard for recovery of consequential damages in New Mexico). Moreover, the Court has found few cases nationwide addressing the question. *See Crowne Inv., Inc. v. United Food and Commercial Workers, Local No. 1657*, 959 F.Supp. 1473, 1480-80 (M.D. Ala. 1997) (discussing four potential measures of damages for the breach of a settlement agreement; stating that "[i]t is usually difficult to determine damages for breach of an agreement to keep a settlement confidential"). There is also little New Mexico case law on disgorgement damages, and thus little guidance to the Court on the applicability of such a measure of damages to Vida Encantada's claim.[4]

Under *Celotex*, the Court could *sua sponte* consider summary judgment on Vida Encantada's breach of contract damages claim. *Celotex Corp.*, 477 U.S. at 326-27. The Court is not inclined to do so, however, and instead will allow Plaintiffs to file their Proposed Motion for Summary Judgment only with regard to Vida Encantada's Count I. Allowing full briefing now rather than time-constrained and limited research and argument in connection with a pre-trial order and the preparation of jury instructions will give the parties the opportunity to carefully research the matter and submit briefs to the Court which are useful in determining the correct measure(s) of damages for the alleged breaches of the confidentiality clause. In addition, the Court cannot justify wasting the

---

[4] While Vida Encantada refers, in places, to these damages as claw-back damages, the Court has found no applicable case law referring to the damages sought in such terms.

time and resources of the jury, the parties and the Court in allowing a damages claim to go forward if there is no evidence supporting the damages claim. Thus, Vida Encantada, in its response brief, should identify both the legal and factual support for their proposed measures of damages on their breach of contract claims.

**WHEREFORE, IT IS HEREBY ORDERED** that *Plaintiffs' Motion for Leave to File Motion for Summary Judgment* [Doc. 599] is **GRANTED-IN-PART** only with regard to Plaintiffs' Motion for Summary Judgment on Count I.

**IT IS FURTHER HEREBY ORDERED** that Plaintiffs must file their *Motion for Summary Judgment* within five business days of the date of this Order.

**IT IS FURTHER HEREBY ORDERED** that *Plaintiffs' Motion for Leave to File Motion for Summary Judgment* [Doc. 599] is denied in all other respects.

**IT IS SO ORDERED** this 31st day of March, 2015 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court