IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DUSTI HARVEY, and
HARVEY LAW FIRM, LLC,

    Plaintiffs,

v.   No. 12-CV-727 MCA/LAM

THI OF NEW MEXICO AT ALBUQUERQUE
CARE CENTER, LLC; THI OF NEW MEXICO
AT VALLE NORTE, LLC d/b/a Valle Norte
Care Center; THI OF NEW MEXICO AT VIDA
ENCANTADA, LLC, d/b/a Vida Encantada
Nursing and Rehab; THI OF NEW MEXICO AT
LAS CRUCES, LLC; THI OF NEW MEXICO,
LLC; FUNDAMENTAL ADMINISTRATIVE
SERVICES, LLC; and CHRISTINA A. ZACK,
a/k/a CHRISTINE A. ZACK GUNDERSON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on *Defendant Christine Zack's Motion for Summary Judgment*. [Doc. 589] The Court has considered the submissions, the relevant law, and is otherwise fully informed in the premises.

**BACKGROUND**

The background of this case has been fully set out in various Orders filed by this Court, and particularly in Document 659. The Court need not repeat the background here. It is undisputed for purposes of this motion that all of Ms. Zack's actions upon which Plaintiffs' claims are based were done by Ms. Zack in the course and scope of her employment with Fundamental Administrative Services (FAS). [Doc. 590, MF 1-5, 7;

1

Doc. 610, p. 2; Doc. 622, p. 1] Though the parties set out additional facts, because of the Court's decision in Document 659, to a large extent the facts set out are not material to Plaintiffs' surviving claims. However, one controverted fact remains material for purposes of this motion: Ms. Harvey testified that, during a mediation, Ms. Zack approached her and offered to dismiss the *Valle Norte* Lawsuit, filed by THI of New Mexico at Valle Norte, LLC against Plaintiffs, in exchange for Plaintiffs settling all of their clients' claims against various Defendants. [Doc. 610, AMF K; Doc. 497-1, p. 3 to 497-2, p. 2] Ms. Zack disputes this alleged offer and submits her own testimony, under seal, which sets out a very different version of the event, which, if believed, defeats Plaintiffs' malicious abuse of process (MAP) claim. [Doc. 591-1, pp. 13-15] However, both because Ms. Zack filed her testimony as to the alleged discussion under seal, [Doc. 591] and because the Court must view the evidence in the light most favorably to the non-moving party, *Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012), the Court herein has only set out the evidence presented by Plaintiffs regarding the purported offer on which Plaintiffs base their MAP claim.

**ANALYSIS**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)

(internal quotation marks omitted).  Once the movant meets this burden, the non-moving party is required to put in the record facts showing that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56(c).

"A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit.  A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented."  *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008) (internal citations omitted).

> The trial judge is not to weigh the evidence to determine the truth of the matter, but instead must ask "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." [*Liberty Lobby*, 477 U.S.] at 252, 106 S.Ct. at 2512. In making the decision, the trial judge must consider all the evidence in the light most favorable to the nonmoving party. *Redhouse v. Quality Ford Sales, Inc.*, 511 F.2d 230, 234 (10th Cir. 1975). Thus, the trial judge must deny motions for summary judgment when reasonable jurors might disagree, even though the judge as trier of fact would find for the moving party.

*Dreiling v. Peugeot Motors of Am., Inc.*, 850 F.2d 1373, 1377 (10th Cir. 1988).

Ms. Zack moves for summary judgment on Plaintiffs' claims against her because: 1) her actions were within the course and scope of her employment; 2) Plaintiffs cannot establish that her actions were intentional or outside the scope of her employment; and 3) Plaintiffs have no evidence to support their claim for prima facie tort.[1]  [Doc. 590, pp. 4, 6, 9]  In a separate *Memorandum Opinion and Order* [Doc. 661], the Court dismissed

---

[1] Ms. Zack relies on the arguments made by her co-defendants regarding Plaintiffs' conspiracy claim. [Doc. 590, p. 6, n.4]  In the Court's *Memorandum Opinion and Order*, [Doc. 659] the Court denied summary judgment on the conspiracy claim, and thus, for the same reasons, the Court denies summary judgment for Ms. Zack on Plaintiffs' conspiracy claim.

Plaintiffs' Prima Facie Tort and Defamation Claims against Ms. Zack.[2]  Further, the Court granted summary judgment on Plaintiffs' MAP claim based on various conduct alleged by Plaintiffs (including the continued pursuit of the *Valle Norte* case and certain conduct in prosecuting that case, as well as the filing of the five underlying breach of contract suits in five different venues).  [Doc. 659]  For the reasons stated in the Court's *Memorandum Opinion and Order*, Ms. Zack is entitled to summary judgment on Plaintiffs' MAP claim to the extent the claim is based on the same conduct on which summary judgment was already granted to her co-defendants.   [Doc. 659]

With regard to the surviving portion of Plaintiffs' MAP claim, based on Ms. Zack's purported improper settlement offer, Ms. Zack argues that the offer of settlement is inadmissible under the New Mexico Mediation Procedures Act, N.M.S.A. 1978, §§ 44-7B-1 to 44-7B-6 (2007) and Federal Rule of Evidence 408.  [Doc. 590, pp. 7-9]  In the Court's previous *Memorandum Opinion and Order*, [Doc. 659] the Court determined Defendants have not established that the statement was a mediation communication, in that there were no facts indicating the statements were made to assist *the mediation parties* reach an agreement regarding *their* dispute.  *See* Section 44-7B-2(A)(1) (defining a mediation as the process in which a mediator "facilitates communication and negotiation *between mediation parties* to assist *them* in reaching an agreement regarding *their* dispute" (emphasis added)).

---

[2] In the same *Memorandum Opinion and Order*, [Doc. 661] the Court concluded that Plaintiff stated a claim against Ms. Zack based on the alleged improper offer.  To the extent that Ms. Zack repeats this argument in her *Motion for Summary Judgment* [Doc. 590, p. 5], her *Motion* is denied.

As for Ms. Zack's Rule 408 argument, the Court is not persuaded. Rule 408 expressly only applies if the evidence is offered "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). Thus, "Rule 408 is . . . inapplicable when the claim is based upon some wrong that was committed in the course of the settlement discussions; e. g., libel, assault, breach of contract, unfair labor practice, and the like." 23 Kenneth W. Graham, Jr., Fed. Prac. & Proc. Evid. § 5314 (2014). Here, Ms. Zack's alleged statement offering to dismiss the *Valle Norte* Lawsuit in exchange for Plaintiffs settling all of their clients claims against various Defendants is not offered to prove the validity or lack thereof the *Valle Norte* case or any of the cases allegedly being mediated at the time the statement was made. Rather, it is offered to prove a separate tort committed in the making of the statement and in continuing to pursue the *Valle Norte* claim. *See id.* Ms. Zack relies on a District of Columbia Circuit case; however, that case is both factually distinguishable, in that the statement was being offered to prove the validity of the charges against the defendant, and not binding. *United States v. Davis,* 596 F.3d 852, 859-60 (D.C. Cir. 2010). [Doc. 590, p. 8] Our Tenth Circuit clearly allows the admission of compromise offers for other purposes under Rule 408. *See Orr v. City of Albuquerque*, 531 F.3d 1210, 1218-19 (10th Cir. 2008) (allowing the admission of previous settlements concerning pregnancy discrimination claims to "show not liability *per se* but the absence of mistake"); *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1364-65 (10th Cir. 1987) (allowing the admission of evidence of prior compromises or settlements "for the purpose of showing that Phillips engaged in a pattern of conduct

5

evincing conscious or reckless disregard for the rights of private property owners and to support the plaintiffs' claims for outrageous conduct and for punitive damages" under Rule 408 (internal quotation marks omitted)). These cases instruct that evidence of a tort allegedly committed in the course of a compromise offer is admissible under Rule 408.[3]

Next, Ms. Zack argues that she cannot be held liable because her actions were within the course and scope of her employment. Though the Court has rejected Ms. Zack's "scope of employment" argument as a grounds for shielding her from jurisdiction [Doc. 513, pp. 12-13], Ms. Zack now asserts that her status as employee shields her from liability. [Doc. 590, pp. 4-5]  Ms. Zack relies on *Bourgeous v. Horizon Healthcare Corp.*, 872 P.2d 852, 855 (N.M. 1994). *Bourgeous* rejected the plaintiff's claim that the administrator and district director of her employer could be individually liable for the tort of retaliatory discharge. *Id.* Nonetheless *Bourgeous* does not help Ms. Zack, as the Court stated: "We are mindful that officers or employees of corporations can be held personally liable when they commit intentional torts. Thus, for example, if Bourgeous had presented evidence of malicious, willful, or wanton conduct, she might have had a claim against the individual defendants for intentional infliction of emotional distress." *Id.* (internal citations omitted). New Mexico has long held that:

> Officers of corporations can be held personally liable when they commit intentional torts. *Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434,

---

[3] The Court's ruling on the admissibility of this evidence is subject to reconsideration if unforeseen circumstances or a change in context should arise during the trial. If such circumstances should arise, the parties must seek a ruling from the Court outside the presence of the jury regarding the admissibility of such evidence. *See* Fed. R. Evid. 104 (c) ("The court must conduct any hearing on a preliminary question so that the jury cannot hear it if . . . justice so requires.").

6

> 437, 872 P.2d 852, 855 (1994), *limited on other grounds, Kropinak v. ARA Health Servs., Inc.*, 2001–NMCA–081, ¶¶ 12–14, 131 N.M. 128, 33 P.3d 679; *see also Stinson v. Berry*, 1997–NMCA–076, ¶ 18, 123 N.M. 482, 943 P.2d 129 (holding that directors engaging in tortious conduct may be held liable, even if they are acting within the scope of corporate duties); *Kreischer v. Armijo*, 118 N.M. 671, 673, 884 P.2d 827, 829 (Ct.App.1994) (acknowledging that an "agent may be held individually liable for his [or her] own tortious acts, whether or not he [or she] was acting for a disclosed principal").

*Kaveny v. MDA Enter., Inc.*, 120 P.3d 854, 858-59 (N.M. App. 2005). Further, there is no support in New Mexico law for Ms. Zack's all-or-nothing argument that "either Ms. Zack was acting within the scope of her employment and therefore FAS is the only proper defendant; or she acted outside the scope, in which case FAS is not a proper defendant." [Doc. 622, p. 11] *Valdez v. R-Way, LLC*, 237 P.3d 1289, 1291 (N.M. App. 2010), which Ms. Zack cites, concerned "[t]hose whose liability is only vicarious," and thus is inapplicable. Rather, New Mexico holds that:

> Directors are liable to third persons injured by their own tortious conduct regardless of whether they acted on behalf of the corporation and *regardless of whether the corporation is also liable*. This rule has its roots in the law of agency. Directors are the agents of their corporate principal, and the rule is that *agents are liable for their own tortious acts, regardless of whether the principal is liable*.

*Stinson*, 943 P.2d at 134 (internal citations omitted) (emphasis added). Thus, the Court holds that Ms. Zack is not entitled to judgment as a matter of law based on this argument.

Specifically in the context of claims of malicious abuse of process, the focus is on the tortfeasor, regardless of the tortfeasor's capacity. *See Valles v. Silverman*, 84 P.3d 1056, 1062-63 (N.M. App. 2004) (holding that non-litigant may be liable for malicious abuse of process where "non-litigant's conduct was the determining factor in the decision

to file the lawsuit"); *c.f. Durham v. Guest*, 204 P.3d 19, 20-21, 27-28 (N.M. 2009) (allowing claim of malicious abuse of process to proceed against attorney who purportedly abused arbitration process on behalf of her client; stating that "the use of process in either a judicial or an arbitration proceeding to harass, extort, delay, or for any other illegitimate end should subject a person to the same civil liability for the resulting harm"). As such, Ms. Zack can be liable for her own allegedly tortious and intentional conduct, and she is not entitled to judgment as a matter of law.

**CONCLUSION**

**IT IS THEREFORE HEREBY ORDERED THAT**:

1. *Defendant Christine Zack's Motion for Summary Judgment* [Doc. 589] is **MOOT** with regard to her motion for summary judgment on Plaintiffs' Defamation and Prima Facie Tort claims;

2. *Defendant Christine Zack's Motion for Summary Judgment* [Doc. 589] on Plaintiffs' Claim of Malicious Abuse of Process is **DENIED-IN-PART** with respect to Plaintiffs' Claims based on purported improper settlement offers; and

3. *Defendant Christine Zack's Motion for Summary Judgment* [Doc. 589] is **GRANTED-IN-PART** in all other respects.

**SO ORDERED** this 31st day of March, 2015 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court