IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DUSTI HARVEY,**
And **HARVEY LAW FIRM, LLC,**

      Plaintiffs,

v.   No.  12-CV-727 MCA/LAM

**THI OF NEW MEXICO AT ALBUQUERQUE
CARE CENTER, LLC; THI OF NEW MEXICO
AT VALLE NORTE, LLC d/b/a Valle Norte
Care Center; THI OF NEW MEXICO AT VIDA
ENCANTADA, LLC, d/b/a Vida Encantada
Nursing and Rehab; THI OF NEW MEXICO
AT CASA MARIA, LLC; THI OF NEW MEXICO
AT LAS CRUCES, LLC; THI OF NEW MEXICO,
LLC; FUNDAMENTAL ADMINISTRAVE
SERVICES, LLC; AND CHRISTINA A. ZACK,
a/k/a CHRISTINE A. ZACK GUNDERSON.**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion to Strike Anticipated Testimony and Report of Rodney W. Sowards ("Motion"), filed March 28, 2013. [Doc. 269.] On May 7, 2013, Defendants filed a Response ("Response"). [Doc. 308.] On May 24, 2013, Plaintiffs filed a Reply ("Reply"). [Doc. 342.] Also before the Court is Defendants' Motion to Strike Plaintiff Dusti Harvey and Harvey Law Firm LLC's Reply in Support of Motion to Strike Anticipated Testimony and Report of Rodney W. Sowards or, in the Alternative, Motion for Leave to File Surreply, filed June 5, 2013.

[Doc. 357.]  On June 21, 2013, Plaintiffs filed a Response.  [Doc. 399.]  On July 15, 2013, Defendants filed a Reply.  [Doc. 441.]

Having considered the submissions of the parties and the relevant law, the Court finds that Plaintiffs' Motion [Doc. 269] is not well taken and is **DENIED**, and finds that Defendants' Motion to Strike Reply [Doc. 357] is not well taken and is **DENIED**.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 12, 2012, Plaintiffs filed a Complaint for Declaratory and Affirmative Relief in the Second Judicial District Court, County of Bernalillo, New Mexico, styled *Dusti Harvey et al. v. THI of New Mexico at Albuquerque Care Center, LLC et al.,* Case No. D-202-CV-2012-03585.  Plaintiffs named the following "THI Facility Defendants": THI of New Mexico at Albuquerque Care Center, LLC; THI of New Mexico at Valle Norte, LLC; THI of New Mexico at Vida Encantada, LLC; THI of New Mexico at Casa Maria, LLC; and THI of New Mexico at Las Cruces, LLC.  Plaintiffs also named as Defendants THI of New Mexico, LLC; THI of Baltimore, Inc.;[1] Fundamental Administrative Services, LLC; and Christine A. Zack Gundersen.  On July 3, 2012, Defendant Fundamental Administrative Services, LLC removed the action to this Court pursuant to 28 U.S.C. § 1441(a) because it is between citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. [Doc. 1.]

This case involves allegations by the THI Facility Defendants that Plaintiffs violated the confidentiality provisions contained in several settlement agreements when

---

[1] THI of Baltimore was voluntarily dismissed on January 10, 2013.  [Doc. 143.]

2

they made certain statements in subsequent lawsuits referencing aggregate settlement payments they had received from THI of Baltimore, Inc., and Fundamental Long Term Care Holdings.  [Doc. 162 at 16.]  Plaintiffs filed this action seeking a declaration that they did not breach the confidentiality provisions of the settlement agreements, and bringing claims for malicious abuse of process, prima facie tort, defamation and civil conspiracy.  [*See* Doc. 162.]  Each of the THI Facility Defendants filed counterclaims alleging breach of contract and malicious abuse of process, and seeking specific performance, injunctive relief, and declaratory judgment.  [*See* Docs. 70, 71, 72, 73, 74.]  Though this Court dismissed the majority of the Facility Defendants' breach of contract claims, two remain.  [Doc. 578]  Defendant THI of New Mexico also filed a counterclaim against the Plaintiffs asserting malicious abuse of process.  [*See* Doc. 105.]

On December 5, 2012, the THI Facility Defendants and Defendant THI of New Mexico, LLC, filed their Initial Designation of Expert Witnesses [Doc. 95] pursuant to the Court's Scheduling Order entered on September 6, 2012.  [Doc. 22.]  Therein, the THI Facility Defendants and Defendant THI of New Mexico, LLC, identified Rodney Sowards, CPA, CFF, as a retained expert witness.  His expert designation states in pertinent part as follows:

> Mr. Sowards has been retained by all parties to this expert designation to testify regarding any and all issues related to damages in this case.  He will testify regarding all elements of past and present damages suffered by all Counterclaimants herein, including but not limited to past and present out-of-pocket, compensatory and punitive damages.  He will also testify regarding nominal and disgorgement damages.  His testimony will include testimony regarding damages suffered by each and every party to this expert designation.  He likewise has been retained to critique any damage claim that may be made by any plaintiff in this case.  Mr. Sowards will

3

>testify consistent with the opinions set forth in his written report, which is being produced to all parties (along with his curriculum vitae) in accordance with this Court's local rules. Please see Mr. Sowards' report for a more detailed recitation of his current opinions related to this matter.
>
>. . .

[Doc. 95 at 3.]

### Plaintiff's Motion to Strike

Plaintiffs are moving this Court to strike the anticipated testimony and report of Rodney W. Sowards ("Sowards' Report"). [Doc. 269.] Plaintiffs argue that (1) Sowards' Report fails to satisfy the requirements of Fed. R. Civ. P. 26(a)(2); (2) his proposed testimony is speculative; and (3) his proposed testimony requires no special expertise that would assist the jury in determining damages. [Doc. 269 at 1-2.] More specifically, Plaintiffs contend that Sowards' Report only lists several hypothetical damages categories, offers no numerical amounts, fails to disclose any computations, makes no reference to any of the documents he reviewed as support for his opinion, fails to reference any data to support any putative damages calculations, fails to disclose any methodologies he used or would use, and fails to provide any demonstrative exhibits. [Doc. 269 at 3-4, 6.] As a result, Plaintiffs assert that the Sowards' Report does not comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B) because it is vague, ambiguous, speculative, and offers no testimony that requires any specialized training or expertise. As such, Plaintiffs argue Sowards' Report must be stricken.

Defendants contend that Sowards' Report reveals "complete and full compliance with the simple 'cookie-cutter' requirements of Rule 26(a)(2)(B) and mandates that the

4

Motion be denied." [Doc. 308 at 8.] Defendants also argue that to the extent there remains outstanding "opinion," it is because Plaintiffs have refused to participate in discovery aimed at the issue of the amount of attorneys' fees paid as consideration to the Plaintiffs in connection with the settlement of the cases related in this matter. [Doc. 308 at 9, n. 13.] Finally, Defendants assert that Sowards' Report provides "a complete statement of all opinions the witness will express and the basis and reasons for them" and "clearly lists out the 'facts or data considered by the witness' in forming his opinions." [Doc. 308 at 10.]

In direct rebuttal to Defendants' declaration that Sowards' Report provides "a complete statement of all opinions the witness will express and the basis and reasons for them," Plaintiffs offered Sowards' deposition testimony in their Reply which clarifies the extent of Sowards' anticipated expert opinion. On the issue of historical out-of-pocket expense damages, Mr. Sowards testified that he has not done any kind of computation or analysis of historical out-of-pocket damages, and unless he were asked by defense counsel to "add up" a stack of invoices, he would not be offering any opinions about amounts of attorney fees or legal expense damages at trial. [Doc. 342-2 at 1.] On the issues of THI of New Mexico at Las Cruces, LLC's compromised ability to settle and future out-of-pocket expense damages in the form of increased settlement demands and increased attorney fees in future cases, Mr. Sowards testified that he has not been provided with any documents from which to perform computations and does not "anticipate offering any opinions unless I get something tangible [from Defendants] that allows me to do a calculation or quantification of those damages." [Doc. 342-1 at 1; Doc.

5

342-2 at 3; Doc. 342-3 at 1.] On the issue of historical and future out-of-pocket damages in the form of nominal and punitive damages, Mr. Sowards testified that he has not done any calculations for nominal damages or punitive damages, and that he thinks "the judge is the one that would define the amount and method by which he or she would want to do punitive damages." [Doc. 342-1 at 3; Doc. 342-3 at 3.] Finally, on the issue of disgorgement damages, Mr. Sowards testified that his calculation will essentially involve adding up the numbers provided to him by defense counsel of all fees paid to the Plaintiffs in connection with their representation of the claimants in each of the settled cases at issue in this dispute. [Doc. 342-4 at 3.] When questioned about the glaring absence of any calculations in his report, Mr. Sowards testified that the purpose of his expert report was that of a "place marker," that is, to identify categories of damages in the absence of documents to quantify those damages. [Doc. 342-5 at 2.] Plaintiffs argue that because Sowards has limited his testimony to the disgorgement damages, and because this testimony only requires simple addition, that the damages testimony as described does not require any special expertise. [Doc. 342 at 10.] As such, Plaintiffs assert that Sowards' testimony should be stricken in its entirety. [Id.]

## RELEVANT LAW

### A. Disclosure of Experts

Rule 26(a)(2)(B) requires that a party disclose to other parties the identity of a person who may be used at trial to present evidence in the form of expert testimony, and that a report the expert prepares and signs accompany that disclosure. See Fed. R. Civ. P. 26(a)(2)(B).

>The report must contain:
>(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>(ii) the facts or data considered by the witness in forming them;
>(iii) any exhibits that will be used to summarize or support them;
>(iv) …

*Id.* Pursuant to Rule 26(b)(4)(A), a party can depose any person identified as an expert whose opinions may be expressed at trial. See Fed. R. Civ. P. 26(b)(4)(A). If an expert report is required under rule 26(a)(2)(B), the deposition must be conducted after the report is provided. *See id.*

The reports are intended not only to identify the expert witness, but also "to set forth the substance of the direct examination." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)(quoting Fed. R. Civ. P. 26(a)(2) advisory committee note (1993)). Such disclosure is necessary to allow the opposing party "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Id.*

A party is under a continuing duty to supplement the expert report if there are additions or changes to what has been previously disclosed. Fed. R. Civ. P. 26(a)(2)(C), 26(e)(1). A party must supplement or correct its disclosure in a timely manner if the party learns that in some material respect the disclosures or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A). For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to

7

information given during the expert's deposition.  Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.  Fed. R. Civ. P. 26(e)(2).

The rules also include sanctions for insufficient disclosures.  Fed. R. Civ. P. 37(c)(1).  It provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).  In exercising its discretion, "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Woodworker's Supply, Inc.*, 170 F.3d at 993.  A district court may "refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless." *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 952-53 (10th Cir.2002)(citing Fed. R. Civ. P. 37(c)). The United States Court of Appeals for the Tenth Circuit has identified four factors that a district court should consider when deciding whether to exclude expert evidence: "[i] the prejudice or surprise to the party against whom the testimony is offered; [ii] the ability of the party to cure the prejudice;

8

[iii] the extent to which introducing such testimony would disrupt the trial; and [iv] the moving party's bad faith or willfulness." *Ellsworth v. Tuttle*, 148 Fed. Appx. 653, 665 (10th Cir. 2005)(quoting *Woodworker's Supply, Inc.*, 170 F.3d at 993).

## ANALYSIS

Rule 26(a)(2)(B) requires that a written report accompany the disclosure of a retained expert witness.  There are six requirements articulated in Rule 26(a)(2)(B) that govern the contents of the report.  Plaintiffs essentially argue that Sowards' Report fails to comply with the first three requirements; *i.e.,* Sowards has failed to give a complete statement of all the opinions he will express and the basis for them, Sowards has not provided any facts or data in forming his opinions, and Sowards has not provided any demonstrative exhibits to summarize or support his opinions.

The Court's review of Sowards' Report reveals the same deficiencies raised in Plaintiffs' arguments.  Sowards identifies five categories of damages about which he will presumably provide expert testimony.  Those categories are (1) historical out-of-pocket expense damages,[2] (2) THI of New Mexico at Las Cruces, LLC's compromised ability to settle; (3) future out-of-pocket expense damages in the form of increased settlement demands and increased attorney fees in future cases; (4) historical and future out-of-pocket damages in the form of (i) nominal damages as consideration for violating the confidentiality provisions of the respective settlement agreements and (ii) punitive damages; and (5) disgorgement of all fees paid to the Plaintiffs in connection with their

---

[2] These damages include attorney fees related to Defendants' defense of this lawsuit, prosecuting the five underlying state court lawsuits, and prosecuting the counterclaims in this lawsuit.  [Doc. 308-3 at 5.]

representation of the claimants in all of the settled cases at issue in this dispute. [Doc. 308-3 at 5-6.] Sowards' Report, however, contains no numerical amounts or computations, makes no reference to any documents he reviewed in preparing his report, fails to reference any data relied upon, fails to disclose any methodologies used, and fails to provide any supportive exhibits. Sowards' Report essentially presents an outline of putative damages.

The requirements of Fed. R. Civ. P. 26(a)(2)(B) are to be taken very seriously. Rule 26(a) was intended not only to prevent surprise to opposing counsel, but to decrease the need for expert depositions and thereby conserve the resources of both parties. Fed. R. Civ. P. 26 Advisory Committee Notes (1993 Amendment). "Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony . . . must prepare a *detailed and complete* written reporting, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." *Id.* (Emphasis added.) Here, Mr. Sowards prepared an "expert report" that is neither detailed nor complete. Defendants' argument that Sowards' Report meets the "simple 'cookie-cutter' requirements of Rule 26(a)(2)(B)" is unpersuasive. Sowards' Report does not comply with the requirements of Rule 26(a)(2)(B).

Although the Court finds that Sowards' Report does not comply with Rule 26(a)(2)(B), the Court's analysis does not end there. Pursuant to Fed. R. Civ. P. 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

10

Plaintiffs ask this Court to strike Sowards' Report pursuant to Fed. R. Civ. P. 37(c)(1). However, the Court must determine whether Defendants' Rule 26(a) violation is justified or harmless. The Tenth Circuit Court of Appeals has articulated the following four factors to be considered in determining whether a failure to disclose is justified or harmless:

> (1) the prejudice or surprise to the party against whom the testimony is offered;
>
> (2) the ability of the party to cure the prejudice;
>
> (3) the extent to which introducing such testimony would disrupt the trial; and
>
> (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc.*, 170 F.3d at 993). The non-moving party has the burden of showing that they were substantially justified in failing to comply with Fed. R. Civ. P. 26(a) and that such failure was harmless. *See EEOC v. JBS USA, LLC*, 2013 WL 3302429, *4 (D.Colo. 2013)(citing *Sender v. Mann*, 225 F.R.D. 645, 655 (D.Colo. 2004). In analyzing these factors, the Court notes that the Tenth Circuit has stated that "the decision to exclude evidence is a drastic sanction." *Summer v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

The Court notes that neither party addresses the factors discussed above, nor do they mention the "substantially justified or harmless" standard articulated in Fed. R. Civ. P. 37(c)(1). Although Defendants assert that Sowards' Report fully complies with Fed. R. Civ. P. 26(a)(2)(B), to the extent they offer any substantial justification for its shortcomings, albeit not couched in those terms, they state that any outstanding "opinion"

11

is the result of Plaintiffs' failure to participate in certain discovery. Generally, however, a court should "not excuse non-compliance with Rule 26 by one party for the reason that the other party may not have fully complied" with discovery requests. *Jacobsen*, 287 F.3d at 954 (citing *Carney v. Kmart Corp.*, 176 F.R.D. 227, 230 (S.D.W.Va. 1997)(quoting *Smith v. State Farm Fire & Cas. Co.*, 164 F.R.D. 49, 54 (S.D.W.Va. 1995)). Mr. Sowards also testified that he had not been provided with the necessary documentation from Defendants to prepare any calculations on future damages.

The ultimate question then before the Court in determining whether to exclude Sowards' Report is whether Plaintiffs are prejudiced by its insufficiency. A party needs to know the substance of the testimony of the other party's experts for no prejudice to exist. *Jacobsen*, 287 F.3d at 953. Here, while the Court agrees with Plaintiffs that Sowards' Report is insufficient, Plaintiffs essentially cured any potential prejudice when they took Mr. Sowards' deposition. In other words, to the extent Sowards' Report was lacking, Plaintiffs now know the substance and extent of Mr. Sowards' opinion testimony. Mr. Sowards testified that he had not done any kind of computation or analysis of historical out-of-pocket damages, and unless he were asked by defense counsel to "add up" a stack of invoices, he would not be offering any opinions about amounts of attorney fees or legal expense damages at trial. [Doc. 342-2 at 1.] Mr. Sowards testified that he had not been provided with any documents from which to perform computations on future out-of-pocket expense damages and does not "anticipate offering any opinions unless I get something tangible [from Defendants] that allows me to do a calculation or quantification of those damages." [Doc. 342-1 at 1; Doc. 342-2 at

3; Doc. 342-3 at 1.] Mr. Sowards testified that he had not done any calculations for nominal damages or punitive damages, and that he thinks "the judge is the one that would define the amount and method by which he or she would want to do punitive damages." [Doc. 342-1 at 3; Doc. 342-3 at 3.] Finally, Mr. Sowards testified how he will calculate disgorgement damages and the basis for those damages; *i.e.,* all fees paid to the Plaintiffs in connection with their representation of the claimants in each of the settled cases at issue in this dispute. [Doc. 342-4 at 3.] Based on Mr. Sowards' testimony, Plaintiffs know the substance of Mr. Sowards' expert opinions. The Court should note that while Mr. Sowards left the door open to give opinion testimony regarding future damages calculations if he were provided with the necessary documents from Defendants, any supplementation to his report must be provided in accordance with Fed. R. Civ. P. 26(e).

In considering the other factors to be considered for determining whether Defendants' failure to disclose is substantially justified or harmless, the Court notes there is no trial setting here thereby eliminating any possible disruption of trial. And while the expansive docket in this matter speaks to the highly contentious nature of these proceedings, neither party has alleged bad faith or willfulness here.

"Without a finding of bad faith or gamesmanship . . . courts are loathe to invoke the strong medicine of precluding expert testimony." *McAdoo v. ITT Educational Services, Inc.*, 2011 WL 2198568, *2 (quoting *McClain v. Metabolife Int'l. Inc.*, 193 F.Supp.2d 1252, 1259 (N.D. Ala. 2003) and citing *Harvey v. District of Columbia*, 949 F.Supp. 874, 877-78 (D.D.C. 1996)(denying a motion to preclude expert testimony even though the expert report that was disclosed was "woefully inadequate under Fed. R. Civ.

13

P. 26(a)(2)(B)" because the moving party was not prejudiced by the inadequacy.)). Because Plaintiffs know the substance of Mr. Sowards' testimony, the Court finds that Plaintiffs are not prejudiced by the insufficiency of Sowards' Report.  As such, the Court will not exclude Sowards' Report.  To the extent Plaintiffs are concerned that Mr. Sowards' testimony at trial will exceed the scope of his report and deposition testimony, they may move to limit his testimony at the appropriate time.

Finally, given the Court's ruling, the Court will not address Plaintiffs' argument to exclude Mr. Sowards testimony in its entirety pursuant to Fed. R. Evid. 702.  Plaintiffs' concerns regarding Mr. Sowards' expertise and the helpfulness of his testimony is better left to *Daubert* proceedings.

## DEFENDANTS' MOTION TO STRIKE REPLY

Defendants moved to strike Plaintiffs' Reply Brief [Doc. 357] because it is an apparent effort to "transform the Sowards Motion from a motion related to Mr. Sowards Expert Report and 'anticipated testimony' to a motion related to specific testimony given by Mr. Sowards at his deposition." [Doc. 357 at 3.]  In the alternative, Defendants request to file a Surreply.  [Doc. 357 at 1.]  The Court is not persuaded.  In Defendants' Response, Defendants stated affirmatively that Sowards' Report provided "a complete statement of all opinions the witness will express and the basis and reasons for them." [Doc. 308 at 10.]  Accordingly, Defendants raised the argument and Plaintiffs then properly responded to the argument.  No rule prevents Plaintiffs from responding to Defendants' argument with the deposition of Defendants' own expert.  The well settled rule that a court will not consider new arguments made for the first time in a reply brief

does not apply here. *See Hill v. Kemp*, 478 F.3d 1236, 1250-51 (10th Cir. 2007)(discussing the reasons why new arguments are not allowed for the first time in a reply brief); *Gates Corp. v. Dorman Prod., Inc.*, 2009 WL 4675099, *2 (D. Colo. 2009) (unpublished decision) (denying Motion to Strike Reply or for Leave to File Surreply where the argument made in the Reply Brief was in "direct rebuttal" to a contention in the Response Brief). Defendants cannot complain that they have no opportunity to respond to an argument which they first raised. *See id.* The Court will neither strike the Reply nor allow a Surreply.

## CONCLUSION

**WHEREFORE, IT IS THEREFORE HEREBY ORDERED** that *Plaintiffs' Motion to Strike Anticipated Testimony and Report of Rodney W. Sowards* [Doc. 269] is **DENIED.**

**IT IS FURTHER HEREBY ORDERED** that *Defendants' Motion to Strike Plaintiff Dusti Harvey and Harvey Law Firm LLC's Reply in Support of Motion to Strike Anticipated Testimony and Report of Rodney W. Sowards or, in the Alternative, Motion for Leave to File Surreply* [Doc. 357] is **DENIED.**

**SO ORDERED THIS** 31st day of March, 2015, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO
Chief Judge, United States District Court**